584 So.2d 1107 (1991)
Derrick Tyrone SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03188.
District Court of Appeal of Florida, Second District.
August 21, 1991.
*1108 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Consuelo Maingot and Michael J. Neimand, Asst. Attys. Gen., Miami, for appellee.
LEHAN, Judge.
Defendant appeals from his sentence as an habitual violent felony offender. We affirm in part and reverse in part.
We address three of his contentions. He contends that a prior conviction cannot be the basis for habitualization if that conviction occurred subsequent to the conviction for which he is being habitualized. However, section 775.084(1)(b)1, Florida Statutes (Supp. 1988), does not preclude a conviction occurring after the conviction for which defendant is being habitualized from providing such a basis if, as here, the prior conviction occurred before defendant's sentencing for the offense for which he is being habitualized.
Contrary to another of his contentions, we do not conclude that the fact that at the time of the offense for which he was being sentenced in this case he had not yet been released from prison under a sentence for a conviction of a prior felony renders that prior felony inapplicable to consideration as a prior felony enumerated in the habitual offender statute. We recognize that section 775.084(1)(b)2 provides that the offense for which defendant is being sentenced as a violent habitual offender be "within 5 years of the defendant's release ... from a prison sentence ... imposed as a result of a prior conviction... ." However, we conclude that the legislature intended the word "within" in the statutory context to mean "no later than." The offense for which defendant was being sentenced in this case was no later than his release from prison for such a prior offense; in fact, he had evidently not been so released. The statutory interpretation contended by defendant would be irrational, and in interpreting legislative intent in the case of differing possible interpretations, rationality may properly be the guide. See Wakulla County v. Davis, 395 So.2d 540, 543 (Fla. 1981).
But we agree with defendant's contention, the validity of which the state concedes, that the fifteen-year minimum mandatory sentence imposed was error. Under section 775.084(4)(b)2, which is applicable here, "[S]uch offenders shall not be eligible for release for 10 years." On remand, defendant's sentence shall be corrected accordingly. Defendant need not be present for that purpose.
Affirmed in part, reversed in part, and remanded for correction of sentence.
DANAHY, A.C.J., and HALL, J., concur.