PER CURIAM.
Appellant, a prisoner serving a thirty-five year sentence for a 1980 conviction for burglary with assault, was convicted of attempted escape and possession of a weapon by a prisoner and sentenced as an habitual offender. We affirm, finding that appellant did not present sufficient evidence warranting a jury instruction on the defense of necessity, and that the trial court correctly ruled appellant to be an habitual offender based upon the reasoning of Smith v. State, 584 So.2d 1107 (Fla. 2d DCA 1991). However, we certify the following question as one of great public importance:
UNDER THE REQUIREMENT OF THE HABITUAL OFFENDER STATUTE, SECTION 775.084(l)(a)2., FLORIDA STATUTES (1988 SUPP.), THAT THE OFFENSE FOR WHICH A DEFENDANT IS BEING SENTENCED BE COMMITTED WITHIN FIVE YEARS OF HIS RELEASE FROM A PRISON SENTENCE IMPOSED AS A RESULT OF A PRIOR CONVICTION, CAN A DEFENDANT, WHO IS STILL IN PRISON UNDER THE SENTENCE IMPOSED FOR SUCH PRIOR CONVICTION AT THE TIME HE COMMITS A NEW OFFENSE, BE SENTENCED AS AN HABITUAL OFFENDER?
ERVIN, SMITH and KAHN, JJ., concur.