610 So.2d 440 (1992)
Francis Gene JEFFRIES, Petitioner,
v.
STATE of Florida, Respondent.
No. 80166.
Supreme Court of Florida.
December 24, 1992.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Sr. Asst. Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Jeffries v. State, 600 So.2d 565 (Fla. 1st DCA 1992), which certified the following question of great public importance:
Under the requirement of the habitual offender statute, section 775.084(1)(a)2., Florida Statutes (1988 Supp.), that the offense for which a defendant is being sentenced be committed within five years of his release from a prison sentence imposed as a result of a prior conviction, can a defendant, who is still in prison under the sentence imposed for such prior conviction at the time he commits a new offense, be sentenced as an habitual offender?
Id. at 565. We rephrase the question:
Under section 775.084(1)(a)2., can an incarcerated defendant be habitualized for committing an offense more than five years after the incarceration commenced?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Francis Gene Jeffries was serving a thirty-five year sentence for a 1980 burglary conviction. In 1989, he was charged with attempted escape and possession of a weapon by a prisoner. Later, he was convicted and sentenced as an habitual offender under the statute quoted immediately below. The First District affirmed. Jeffries, 600 So.2d at 565.
Section 775.084(1)(a)2., Florida Statutes (Supp. 1988), provides for the habitualization of any offense:

*441 committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which [the defendant] was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later[.]
(Emphasis added.) The strict language of this statute therefore does not apply to Jeffries or, indeed, to anyone else who has been in prison more than five years but who has not yet been released from custody.
Confronting a highly similar problem, the Second District has applied the rule that statutes should not be construed to render them irrational or absurd. The Second District determined that a similarly worded statute[1] would be rendered absurd if construed to exclude persons in prison for more than five years but who had not yet been released. The term "within" thus was construed to mean "no later than." Smith v. State, 584 So.2d 1107, 1108 (Fla. 2d DCA 1991). The First District expressly relied on Smith in reaching the same conclusion about the statute at issue here. Jeffries, 600 So.2d at 565.
We have stated elsewhere that common law rules of construction, such as the one applied in Smith, cannot take precedence over provisions of the Constitution. Perkins v. State, 576 So.2d 1310, 1314 (Fla. 1991). We also have held that criminal statutes must be strictly construed according to their letter, and that this rule of strict construction emanates from article I, section 9 and article II, section 3 of the Florida Constitution. Id. at 1312-14.
It is obvious that the plain meaning of the word "within" is "inside the limits or extent of in time, degree, or distance." American Heritage Dictionary 1387 (2d ed. 1985). "Within" means "during the time of." Black's Law Dictionary 1602 (6th ed. 1991). In common usage, "within" simply is not synonymous with "no later than." The term "within" implies a measurement fixed both at its beginning and its end, whereas "no later than" implies only a fixed end.
The common law rule of construction applied in Smith has no constitutional foundation and must bend before the rule of strict construction. Perkins. Accordingly, the statute quoted above could not be applied to Jeffries because its strict letter excludes him.[2] His crime did not occur "within" the times specified. We emphasize, however, that our holding here applies only to crimes committed in prison while incarcerated. Crimes committed after an escape from prison, for example, would fall within that portion of the statute applicable to releases from prison "on parole or otherwise."
For these reasons, we disapprove Smith to the extent it is inconsistent with our views here, and we remand this cause to the district court for further proceedings consistent with this opinion. We do not address the other issue raised by the parties, which lies beyond the scope of the certified question. That question is answered in the negative.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] § 775.084(1)(b)2, Fla. Stat. (Supp. 1988). While the language in this statute differs in minor ways from the statute at issue here, they differ in no way relevant to our determination of this cause.
[2] Of course, the legislature is free to redraft the statute with greater precision.