PER CURIAM.
Cedeno argues the trial court erred in imposing a habitual offender sentence. The State concedes that Jeffries v. State, 610 So.2d 440 (Fla.1992), applies, and the habitual offender sentence must be reversed.
The supreme court held in Jeffries that the habitual offender statute must be read literally. The statute provides for the habituali-zation of any offense:
committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later[.]
§ 775.084(l)(a)2, Fla.Stat. (1991). In Jef-fries, as in the instant case, the current offense was committed more than five years after the prior convictions, and while the defendant was currently imprisoned. Therefore, the habitual offender sentence could not be imposed. We reverse and remand for resentencing without considering the habitual offender statute.
REVERSED AND REMANDED.
GUNTHER and PARIENTE, JJ., and DOWNEY, JAMES C., Senior Judge, concur.