ERVIN, Judge.
We affirm the convictions of appellant, Carey Barnes, but remand for correction of the judgment to reflect that he was convicted in Count II of battery on a law enforcement officer, a third-degree felony, rather than aggravated battery on a law enforcement officer, a first-degree felony.
We also affirm Barnes’ sentence as a habitual offender under section 775.084(l)(a)(2), Florida Statutes (1989).[1] Although it is undisputed that Barnes committed the instant offense within five years of two previous offenses, Barnes claims the statute precludes his habitualization, because he had not been released from prison when he committed the instant battery, and the statute requires the court to apply whichever circumstance is later when calculating the five-year period. He contends that in Jeffries v. State, 610 So.2d 440 (Fla.1992), the supreme court held that Jeffries could not be habitualized because he had been in prison more than five years and had never been released. We disagree.
Jeffries had been convicted in 1980 of burglary and was still in prison serving his sentence when he attempted to escape in 1989. He thus could not be habitualized, because, under the terms of the statute, he had not either committed the later offense within five years of his 1980 conviction or been released from prison for the prior offense.
In contrast, Barnes’ case fits within the first alternative: he committed the instant offense within fívé years of his convictions for the prior offenses. The alternative circumstance, that he commit the instant offense within five years of release from prison, does not apply when there has been no release from prison. The language, “whichever is later,” would apply only if both circumstances existed, whereupon the court would be required to use the date of the more recent circumstance.
REMANDED FOR CORRECTION OF JUDGMENT.
MICKLE and DAVIS, JJ., concur.

. That subsection requires a showing that the felony for which the defendant is being sentenced was committed
within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later[.]
(Emphasis added.)