PER CURIAM.
From convictions and habitualized sentences for aggravated assault on a prison guard, and aggravated battery on another prison guard, violations of section 784.07, Florida Statutes (1989), the appellant presents three issues: (1) that the element of “putting in fear” to support a conviction of aggravated assault was not proven at trial, (2) that the element of “causing great bodily harm, permanent disability or permanent disfigurement or using a deadly weapon” to support the aggravated battery conviction was not proven at trial, and (3) that enhancing his sentences pursuant to section 775.-084(l)(b)(2), Florida Statutes (1989), was error. We find no merit in the arguments going to the convictions and affirm both convictions without further discussion. We do, however, agree that he was improperly habit-ualized for these crimes because they were committed while the appellant was in prison, where he had been for more than five years. Jeffries v. State, 610 So.2d 440 (Fla.1992), holds that the strict language of section 775.-084 does not apply to anyone who has been in prison more than five years but who has not yet been released from custody when he commits a new crime.
Accordingly, we affirm the convictions but vacate the habitualized sentences and remand for resentencing.
DANAHY, A.C.J., and HALL and PATTERSON, JJ., concur.