BLUE, Judge.
Russell Wayne Holloway appeals his conviction and the habitual offender sentence imposed for possession of contraband in prison. He argues that his sentence was erroneous because the habitual offender statute does not apply to him, citing Jeffries v. State, 610 So.2d 440 (Fla.1992). We agree.
On December 8, 1982, Holloway was sentenced to a 45-year prison sentence. While serving this sentence, he was charged and convicted of the instant offense. Section 775.084(l)(a)2, Florida Statutes (1991), provides that the court may impose a habitual felony offender sentence if
[t]he felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
In Jeffries, the Florida Supreme Court held that this provision does not authorize a habitual felony offender sentence for a defendant who had been in prison for more than five years when the new offense occurred. Holloway’s situation fits within Jeffries, and therefore, he did not qualify for a habitual offender sentence.
Accordingly, we affirm Holloway’s conviction, reverse his habitual offender sentence and remand for resentencing within the guidelines.
DANAHY, A.C.J., and FULMER, J., concur.