PARKER, Acting Chief Judge.
James D. Ashley appeals from an order summarily denying his motion to correct an illegal sentence. Of the three issues Ashley raised, we find merit in his first issue that the trial court must conduct a new sentencing hearing and determine whether Ashley can be classified as a habitual offender on six of his seven sentences. Accordingly, we affirm the sentence in Count Six and reverse the sentences on the remaining counts and remand for resentencing.
This is a case of a defendant sentenced in 1981 and 1982 to stacked sentences of forty-two years of imprisonment and who committed seven grand thefts between 1988 and 1990 while in prison or on work release. Ashley was convicted of the following counts in his information:
Count Three: Grand theft in the second degree which occurred from January 1, 1988, to December 31, 1989;
Count Four: Grand theft in the second degree which occurred from October 1, 1989, to October 31, 1989;
Count Six: Grand theft in the first degree which occurred from February 19, 1986, to July 31, 1989;
Count Seven: Grand theft in the third degree (lesser included offense) which occurred from October 1, 1988, to October 31, 1989;
Count Eight: Grand theft in the first degree which occurred from September 1, 1988, to December 31, 1990;
Count Nine: Grand theft in the first degree which occurred from September 1, 1988, to December 31, 1990; and
Count Ten: Grand theft in the third degree which occurred from December 21, 1988, to December 31, 1990.[1]
At the sentencing hearing, the state presented the trial court with the following certified copies of Ashley’s prior convictions:
Case No. 80-2384: defrauding an innkeeper in Palm Beach County; the judgment and sentence entered on March 11, 1981; sentenced to five years’ imprisonment suspended after two years and placed on probation for those three years;
*729 Case No. 80-9016: grand theft in the second degree in Broward County; the judgment and sentence entered on November 13, 1981; sentenced to ten years’ imprisonment to run consecutive to any sentence then being served; and
Case No. 81-3382: organized fraud in Broward County; the judgment and sentence entered on April 23,1982; sentenced to thirty years’ imprisonment on May 24, 1982, with the sentence to run consecutive to any active sentence then being served.
The court sentenced Ashley on May 4, 1992, as a habitual felony offender on each count as follows:
Count Three (grand theft in the second degree) — twenty years’ imprisonment followed by ten years’ probation;
Count Four (grand theft in the second degree) — fifteen years’ imprisonment;
Count Six (grand theft in the first degree) — twenty years’ imprisonment;
Count Seven (grand theft in the third degree) — ten years’ probation consecutive to the prison sentences imposed and concurrent with the probation imposed in Counts Three and Ten;
Count Eight (grand theft in the first degree) — twenty years’ imprisonment;
Count Nine (grand theft in the first degree) — twenty years’ imprisonment; and
Count Ten (grand theft in the third degree) — ten years’ probation consecutive to the prison sentences but concurrent with the probation imposed on Counts Three and Seven.
All of the prison sentences were to run concurrently with each other but consecutive to any prison sentences Ashley was serving presently, and all probation sentences were to run concurrently with each other but consecutive to the prison sentences.
Except for Count Six, Ashley argues that the length of time between his current convictions and his last prior felony conviction in May 1982 was more than five years and that he had not been released from prison on his prior sentences; therefore, the court could not impose habitual offender sentences. Ashley points to section 775.084, Florida Statutes (1987), which provides in part:
(1) As used in this act:
(a) “Habitual felony offender” means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has:
a. Previously been convicted of a felony in this state;
[[Image here]]
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony, misdemeanor, or other qualified offense of which he was convicted, or within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later. ...
§ 775.084(l)(a), Fla.Stat. (1987).
It is clear from the sentencing hearing that Ashley committed these seven new felonies while he was in the prison system or while on work release from the prison system. Ashley cites to the decision in Jeffries v. State, 610 So.2d 440 (Fla.1992), wherein the supreme court held that an incarcerated defendant cannot be habitualized for committing an offense more than five years after incarceration commenced and while the defendant is still incarcerated. The facts in Jeffries involved a defendant who committed two felonies while he was in prison serving a thirty-five-year sentence for a felony he committed nine years ago.
The state concedes that if Ashley was in fact in prison on all three previous crimes when he committed these new crimes between 1986 and 1990, then Ashley can receive only habitual offender treatment on Count Six. The state, however, argues that it should be entitled to gather records from the Department of Corrections (DOC) to determine if Ashley, because of the accumulation of gain time, had served the prison portions in either Case No. 80-2384 or Case No. 80-9016. The state further argues that if Ashley completed either of those sentences within five years of the new convictions, then DOC may have classified Ashley as released *730 “on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony.” The state contends this is so even if Ashley remained in prison on his most recent prior sentence of thirty years in Case No. 81-3382. The state, in its response to Ashley’s appeal from the denial of his motion to correct illegal sentence, points out:
The second portion of s. 775.084(l)(a)2 states that a defendant may be habitual-ized for an offense committed:
... within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a PRIOR CONVICTION FOR A FELONY ...
The statutory provision does NOT require that the new offense be committed within 5 years of a defendant’s release on parole or otherwise from a prison sentence or other commitment imposed as a result of his LAST prior conviction for a felony. It only requires that the new offense be committed within 5 years of his release for “a prior felony conviction.”
This case should be remanded to the trial court for further consideration with input from the Department of Corrections as to whether appellant had completed serving his 10 year sentence in case 80-9016, if so then when was that sentence completed, and did the Department of Corrections still consider appellant in custody for case 80-9016 when he began serving his 30 year sentence in case 81-3382 which sentence was to run consecutive to his prior sentences in case 80-9016.
(State added capitalization).
We affirm the trial court’s denial of Ashley’s motion to correct the sentence imposed in Count Six of the information. As to the remaining counts Ashley challenges, we do not adopt the state’s argument at this time. Its argument, however, does cause this court to consider whether the unique facts of this case are distinguishable from Jeffries. As to the remaining counts, we reverse and remand this case to the trial court to permit Ashley and the state to address the status of Ashley’s DOC records, whether the holding in Jeffries prohibits habitual offender treatment on these counts, and whether the DOC records support that these unique facts can sustain the habitual offender sentences.
Reversed and remanded for a new sentencing hearing on Counts Three, Four, Seven, Eight, Nine, and Ten.
ALTENBERND and LAZZARA, JJ., concur.

. The court entered a judgment of acquittal as to Count One, racketeering. The state stipulated to the dismissal of Count Two, organized fraud. The jury found the defendant not guilty of Count Five, grand theft in the first degree.