834 So.2d 879 (2002)
Sean Parrish WRIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3410.
District Court of Appeal of Florida, Third District.
November 13, 2002.
Rehearing and Rehearing Denied January 22, 2003.
Sean Parrish Wright, in proper person.
Richard E. Doran, Attorney General, and Steven R. Berger, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
Rehearing and Rehearing En Banc Denied January 22, 2003.
PER CURIAM.
Sean Parrish Wright appeals an order denying his motion to correct illegal sentence. We affirm in part and reverse in part.
Defendant-appellant Wright was charged with committing four robberies between April 19 and April 22, 1993. There were four separate victims on four separate dates. The crimes were charged as second degree felonies. See § 812.13(2)(c), Fla. Stat. (Supp.1992).
The defendant entered into a plea bargain for a sentence as a habitual violent felony offender ("HVO"). It was agreed that the defendant would be sentenced to a term of thirty years incarceration with a ten-year mandatory minimum sentence. The thirty-year period of incarceration was to be followed by a period of ten years of probation.
The trial court imposed the sentences as agreed. It did so by imposing the agreed *880 sentence on each of the four counts, with all of the sentences to run concurrently.
By his motion, the defendant correctly points out that the legal maximum for a habitualized second degree felony is thirty years, with a mandatory minimum of ten years. § 775.084(4)(b)2., Fla. Stat. (1991). Thus the defendant is correct in saying that a sentence of thirty years incarceration, followed by ten years probation, exceeds the legal maximum.
Under the circumstances of this case, however, this is a mere technical error. Because each of the four counts involved a separate victim and a separate crime date, it is permissible for the habitual offender sentences to run consecutively. Hale v. State, 630 So.2d 521, 525 (Fla.1993); Sprow v. State, 639 So.2d 992, 993 (Fla. 3d DCA 1994).
It is therefore appropriate to remand the case to the trial court to enter a corrected sentencing order such that one of the now-concurrent counts will be resentenced to provide instead for a consecutive period of ten-years probation. In this way the original sentencing intent will be achieved. Blackshear v. State, 531 So.2d 956, 958 (Fla.1988); Fasenmyer v. State, 457 So.2d 1361, 1365 (Fla.1984).
Relying on Jeffries v. State, 610 So.2d 440 (Fla.1992), and Johnson v. State, 765 So.2d 914 (Fla. 2d DCA 2000), the defendant argues that he does not actually qualify as an HVO. The defendant misunderstands those cases.
In the present case, the defendant's predicate convictions were several armed robbery cases, in which the convictions occurred on October 17, 1988.[*] We interpret the defendant's motion as asserting that he was still serving his sentences for those offenses, having been placed on work release, at the time of the current crimes.
Assuming that the defendant was on work release for all of the predicate offenses, the Jeffries decision does not provide any relief for him. That is so because the defendant committed the current offenses within five years of the adjudication dates of the predicate offenses, where the adjudications occurred on October 17, 1988. Since the new crimes were committed within five years of the adjudication of the predicate offenses, it follows that the defendant qualifies as an HVO. See § 775.084(1)(b)2., Fla. Stat. (1991); Barnes v. State, 634 So.2d 230 (Fla. 1st DCA 1994). In Jeffries, by contrast, the defendant committed his new crime in prison, more than five years after the adjudication of the predicate offense. 610 So.2d at 440. There was likewise a gap of more than five years in the Johnson case. 765 So.2d at 915-16.
The defendant also claims that he was never actually sentenced as an HVO. To the contrary, the plea colloquy is very clear that this was a plea bargain for an HVO sentence, which was agreed to by the defendant and clearly approved by the trial court. The defendant's remaining points are without merit.
For the stated reasons, the order denying the motion to correct illegal sentence is affirmed in part, reversed part, and remanded for correction of the sentencing order. The defendant need not be present.
NOTES
[*] We interpret the plea colloquy in the present case as stating that October 17, 1988 was the adjudication date for the predicate offenses.