COPE, J.
Emmett Cox appeals an order denying his motion to correct illegal sentence. We affirm.
Defendant-appellant Cox contends that he does not qualify as a habitual violent felony offender (“HVO”). He is serving life sentences imposed as an HVO in Miami-Dade County circuit court case number 97-12328.
The defendant has previously raised this claim. However, this court’s previous af-firmance of the denial of relief on this point may have been based on the State’s defense of time bar. This court’s position on time bar in this context was later overturned by the Florida Supreme Court in Bover v. State, 797 So.2d 1246, 1247 (Fla.2001).
We therefore proceed to the merits. We have taken judicial notice of this court’s file in Cox v. State, 796 So.2d 67 (Fla. 3d DCA2001).
The defendant’s argument is that he does not have a proper predicate offense for habitualization. The predicate of1fense was armed robbery in Miami-Dade County circuit court case number 89-47604. The defendant was released from prison on conditional release. While on conditional release, he committed the 1997 offenses of armed robbery and attempted armed robbery.*
At sentencing for the 1997 crime, the 1989 conviction was used as the qualifying offense for habitualization as an HVO. The defendant contends that this was impermissible because at the time of the 1997 crime, the defendant was still on conditional release. He argues that it is impermissible to consider the 1989 conviction as a predicate offense, so long as he remained under supervision for that offense.
The 1996 version of the habitual offender statute was in force on the date of the defendant’s offense. It provided, in relevant part:
2. The felony for which the defendant is to be sentenced was committed:
a. While the defendant was serving a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony; or
b. Within 5 years of the date of the conviction of the last prior enumerated felony, or within 5 years of the defendant’s release from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later.
§ 775.084(l)(b)2., Fla. Stat. (Supp.1996).
Under this statute, the 1989 conviction was properly counted as a predicate offense. The defendant committed the 1997 crimes within five years from his release from prison in 1995. The fact that he was on conditional release at the time of the new offenses makes no difference. See Wright v. State, 834 So.2d 879, 880 (Fla. 3d DCA2002).
The defendant argues, however, that conditional release should be viewed as a program under which the defendant is completing his sentence under supervision. See Evans v. Singletary, 737 So.2d 505, 507 (Fla.1999). In substance the defendant appears to argue that conditional release should be viewed as being part of his *144 prison sentence, or “another commitment” under the statute.
Conditional release is not a prison sentence for purposes of the habitual offender statute. Further, it has been held that conditional release is not an “other commitment” under the habitual offender statute. Johnson v. State, 765 So.2d 914, 916 (Fla. 2d DCA 2000). However, assuming for purposes of discussion that conditional release could be so viewed, the HVO sentence was still proper. That is so because under the 1996 statute, habitualization is permissible where the defendant commits a new crime while “serving a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony ....” § 775.084(l)(b)2., Fla. Stat. (Supp.1996).
Under any analysis, the defendant qualifies as an HVO, and the motion to correct illegal sentence was properly denied.
Affirmed.

 The crime date was April 16, 1997.