ALTENBERND, Judge,
Concurring.
I concur in the decision to allow Randall Scott Blackshear to file another motion seeking relief in this case. He committed three serious offenses on May 1, 1995, in Pasco County. On October 7, 1996, the trial court sentenced him to three concurrent thirty-year terms of imprisonment, consecutive to any active sentence being served. Mr. Blackshear was classified as a habitual violent felony offender for these offenses and accordingly received a fifteen-year mandatory minimum sentence for each offense. It does not appear that he appealed or otherwise challenged these sentences until he filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a) in 2011.
Mr. Blackshear’s motion could be better drafted, but he has clearly discovered that on May 1, 1995, habitual violent felony offender status did not apply to defendants who committed crimes while in prison. See § 775.084(1)(b)(2), Fla. Stat. (1995); see also Jeffries v. State, 610 So.2d 440, 441 (Fla.1992). The statute was amended to allow for such sentencing for offenses committed on or after October 1, 1996, but the amendment would not apply to his offenses. See § 775.084(1)(b)(2)(a), Fla. Stat. (Supp.1996).
Mr. Blackshear claims, and the public records of the Department of Corrections appear to confirm, that he was in Pasco County in 1995 because he was an inmate at the Zephyrhills Correctional Institute as a result of offenses he had committed in Duval County in 1983.
The only issue of fact that may affect Mr. Blackshear’s ability to pursue this claim under rule 3.800(a) is whether he was a prisoner of the State at the time of the offenses. It is likely that the records in his criminal case will demonstrate that he was a prisoner at the time of these newer offenses. Frankly, even if this is a question of fact, it is one that the State can obviously confirm from its own public records without difficulty or confusion. Upon the filing of a proper motion, the State ought to be able to admit or deny whether he was a prisoner at the time of these offenses. If Mr. Blackshear was sentenced under the 1996 law to sentences that could not be imposed for prison offenses under the applicable 1995 law, he ought to be entitled to some relief even if *538 it only results in an elimination of the fifteen-year mandatory minimum sentence.