LaROSE, Judge.
Clenton Murphy, Jr., appeals his judgment and habitual felony offender (HFO) sentence of twenty years in prison followed by ten years on probation. A jury convicted Mr. Murphy of attempted kidnapping. The trial court sentenced him as both a prison releasee reoffender (PRR) and a HFO. Mr. Murphy argues that he did not qualify for HFO sentencing under the statute in effect at the time of his crime. The State agrees. We have jurisdiction. See Fla. R.App. P. 9.140(b)(1)(A). We affirm Mr. Murphy’s judgment and PRR sentence but reverse his HFO sentence.
At the sentencing hearing, the State argued that Mr. Murphy qualified as a HFO under Jeffries v. State, 610 So.2d 440, 441 (Fla.1992). The State argued that a release from prison “on parole or otherwise” allowed Mr. Murphy to be sentenced as a HFO because Mr. Murphy had escaped from prison. Indeed, Jeffries recites that “[cjrimes committed after an escape from prison, for example, would fall within that portion of the statute applicable to releases from prison ‘on parole or otherwise.’” Id. Jeffries was decided pursuant to the statute in effect in 1988. See § 775.084(1)(a)(2), Fla. Stat. (Supp.1988).
However, in 1996, the legislature removed the “on parole or otherwise” term. See ch. 96-388, § 44, at 2330, Laws of Fla. The statute in effect at the time of Mr. Murphy’s 2011 offense stated as follows:
(1) As used in this act:
(a) “Habitual felony offender” means a defendant for whom the court may impose an extended term of imprisonment, as provided in paragraph (4)(a), if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.
2. The felony for which the defendant is to be sentenced was committed:
a. While the defendant was serving a prison sentence or other sentence, or court-ordered or lawfully imposed supervision that is imposed as a result of a prior conviction for a felony or other qualified offense; or
b. Within 5 years of the date of the conviction of the defendant’s last prior felony or other qualified offense, or within 5 years of the defendant’s release from a prison sentence, probation, community control, control release, conditional release, parole or court-ordered or lawfully imposed supervision or other *1092 sentence that is imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
§ 775.084, Fla. Stat. (2010).
We have previously held that an escape is not a release. See Thomas v. State, 741 So.2d 1246, 1246 (Fla. 2d DCA 1999) (citing section 775.021(1), which provides that criminal statutes must “be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused”). The State concedes that the trial court’s reliance on Jeffries was error and that Mr. Murphy does not qualify for HFO sentencing.
We note that the applicable PRR statute defines escape status as a qualifier under its provisions. See § 775.082(9)(a)(2). Thus, we affirm the judgment and fifteen-year mandatory PRR sentence but must reverse the HFO sentence.
Affirmed in part, reversed in part, and remanded.
DAVIS and WALLACE, JJ., Concur.