487 So.2d 410 (1986)
Johnny Lee ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2011.
District Court of Appeal of Florida, Fourth District.
April 30, 1986.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Defendant/appellant Johnny Lee Allen was charged by information with one count of robbery with use of a deadly weapon and one count of aggravated battery. After a jury trial, he was found guilty of *411 robbery as charged, and as to the second count, guilty of the lesser included offense of battery.
Prior to sentencing, the state filed notice to declare the defendant a habitual offender, on the basis he had committed the present offenses within five years of the date of his last prior felony conviction and release from parole and probation, and the public needed protection from his further criminal activity. According to the copy that was filed of his commitment form on his prior crime, he was convicted, on December 27, 1976, of robbery, and sentenced to five years with credit for time served. He was to serve two years in prison and be on probation for three years thereafter. The credit was for time served from August 24, 1976.
The trial court in the present case ruled at the sentencing hearing that Allen qualified as a habitual offender, finding Allen's release from probation would have been within five years prior to the present offense and sentencing him to life imprisonment.
The issue, restated, is whether the trial court erred in declaring appellant a habitual felony offender when the offense of which he was convicted in the instant case was not committed within five years of either appellant's conviction of a prior felony or release from incarceration or other commitment for that offense. We conclude that it did.
Our concern is with what the statute actually says, what that means, and whether Allen's situation falls within it. We may not read into the statute what is not there. See, e.g., Rogers v. Cunningham, 117 Fla. 760, 158 So. 430 (1934) (criminal statute should be strictly construed; accused cannot be convicted unless he is plainly and unmistakably within the statute; statutes prescribing punishment should not be extended further than their terms reasonably justify).
Section 775.084(1), Florida Statutes (1983), defines "habitual felony offender." It says:
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has:
a. Previously been convicted of a felony in this state;
b. Twice previously been convicted of a misdemeanor of the first degree in this state or of another qualified offense for which the defendant was convicted after the defendant's 18th birthday;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony, misdemeanor, or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
4. A conviction of a felony, misdemeanor, or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
The language that is of critical importance in the present case is found at section 775.084(1)(a)2. The present felony has to have occurred either within five years of the date of conviction of the last prior felony, "or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment" imposed for that prior conviction.
The state would have the court believe that the word "commitment" as used in this statute may include probation. If we examine the statutory sentence whose meaning we are trying to fathom, we find reference to five years from the defendant's release "on parole or otherwise." Probation more logically falls into the "or *412 otherwise" than into the class of conditions denominated "other commitment." It would make no sense to consider release on parole as the significant date from which to count the time to the next offense, but in case of release on probation, to have the clock start ticking only when the period of probation has come to an end. The principal, though not only, difference, between probation and parole is that the first is determined by the court prior to incarceration  if any  whereas the second is determined by the parole commission. In sum, in the expression "on parole or otherwise" the legislature was speaking of parole, probation, reprieve or expiration of one's term of incarceration. In the expression "prison sentence or other commitment," the legislature included, conceivably, commitment to a mental hospital or to a facility for detaining youthful offenders, but not probation.[1]
Here, even though we do not have conclusive evidence of just when Allen left prison with the state's blessing, it had to be long before July 7, 1979, which is five years before he committed the present offense. Allen says it was September 20, 1977, and the state apparently accepts that date. If he was on probation, or should have been, until September 20, 1980, that does not matter; his commitment or prison sentence ended more than five years prior to the perpetration of the present crime.
The state cites the fact that in section 775.084(2) it is stated that if a person is put on probation without an adjudication of guilt, that shall count as a prior conviction if he commits the offense for which he is now being sentenced while still on probation. The state seeks to use this information to support its contention that probation was within the legislature's contemplation when it referred to "commitment." Apart from the reasons already stated for considering this argument faulty, we suggest that if the legislature had in mind that probation was a form of commitment, as that term had been used earlier in the section, it could have saved itself a great many words at subsection (2) by simply saying the habitual offender provision applies even if the defendant has not been adjudicated guilty, or words to that effect. We perceive subsection (2) as stating something different from and additional to, not something within, the universe previously described.
Accordingly, we reverse appellant's designation as a habitual offender and vacate his life sentence and remand with direction that, unless the state presents evidence that Allen's incarceration for the prior felony ended less than five years before he committed the present felony, he be sentenced other than as a habitual offender. We note the record contains a motion for aggravation and know of no reason why the trial court may not, at the new sentencing hearing, consider that motion.
HERSEY, C.J., and WALDEN, J., concur.
NOTES
[1] While in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981) the supreme court said that a period of probation as a part of a split sentence is not a sentence, and that only the period of incarceration is a sentence, we need not use this reasoning in support of the foregoing.