FRANK, Judge.
Willie Barber, also known as Rick Thomas, appeals from sentences for aggravated assault, petit theft and delivery of cocaine. Barber has claimed that the trial court’s findings do not support the imposition of an enhanced sentence under the habitual offender statute, section 775.084(3)(d), Florida Statutes (1987). We find merit in one aspect of Barber’s contentions.
On August 24, 1988, the state filed an information charging Barber with aggravated assault in violation of section 784.021, Florida Statutes (1987), and petit theft in violation of section 812.014(2)(d), Florida Statutes (1987). The offenses occurred on August 4, 1988. On May 5, 1989, the state filed an additional information charging Barber with an April 17, 1989 delivery of cocaine violative of section 893.13(l)(a), Florida Statutes (1987).
Barber entered pleas of no contest to all of the charges. Barber’s scoresheet indicates a state prison sentence for the primary offense of delivery of cocaine of two and one-half to three and one-half years. The trial court imposed enhanced sentences of seven years for the aggravated assault and petit theft crimes, and ten years for the delivery of cocaine, the sentences to run concurrently. From Barber’s presen-tence investigation report and certified copies of judgments and sentences entered against him for felonies committed within the previous five years, the trial court concluded that an enhanced sentence was “necessary for protection of the public and to protect the public from further criminal activity by the defendant.”
Barber committed the delivery offense subsequent to the 1988 amendment of the habitual offender statute. Section 775.084, Fla.Stat. (1989). In applying the October 1, 1988 version of that statute to the April 1989 delivery crime, the trial court properly relied upon convictions found to have occurred within the previous five years as the predicate for the habitual offender sentence imposed for the delivery of cocaine. The trial court determined that such sentence was “necessary for the protection of the public.” The record discloses compliance with section 775.084(l)(a) at the time of sentencing. See Roberts v. State, 559 So.2d 289 (Fla. 2d DCA), cause dismissed, 564 So.2d 488 (Fla.1990); Long v. State, 558 So.2d 1091 (Fla. 5th DCA 1990). Under the 1988 amendment to section 775.-084(4), once the trial court concludes that the habitual offender sentence is necessary for the protection of the public, that determination must be implemented in the manner prescribed in section 775.084(3). We are satisfied that the trial court fulfilled each of the relevant statutory require- *130 merits and affirm the sentence imposed upon Barber for the delivery of cocaine.
The trial court’s departure from the guidelines in sentencing Barber as a habitual offender for the aggravated battery and petit theft charges, however, was improper. The habitual offender statute in effect on October 1, 1983, the effective date of the sentencing guidelines, was ultimately determined in Whitehead v. State, 498 So.2d 863 (Fla.1986), not to provide a valid basis for departure from the guidelines. When Barber committed the crimes of aggravated assault and petit theft, the pre-guidelines version of the habitual offender statute was in effect. See § 775.-084, Fla.Stat. (1987). Thus, consistent with Whitehead, it was error to impose the enhanced seven year sentence for the offenses of aggravated assault and petit theft, those crimes having taken place on August 4, 1988, prior to the effective date of the 1988 amendment to the habitual offender statute.
Accordingly, we vacate the aggravated assault and petit theft sentence, remand for resentencing within the guidelines, and affirm the ten year sentence imposed for the delivery of cocaine.
SCHEB, A.C.J., and ALTENBERND, J., concur.