PER CURIAM.
Robert D. Huggins has appealed from sentencing as an habitual felony offender, following his conviction of two counts of lewd and lascivious assault on a child under 16. We reverse and remand for resentenc-ing.
At the sentencing proceeding following Huggins’ conviction, the state introduced evidence of two prior felony convictions for the purpose of qualifying Huggins as an habitual felony offender, to wit: a 1957 grand larceny conviction, and a 1976 sexual battery conviction, on which Huggins was released on parole on June 13, 1986. The trial court found that, even though Huggins’ release from incarceration for the 1976 felony conviction occurred more than five years before the July 14, 1991 commission of the instant offenses, he qualified as an habitual offender because he was on parole at the time. The court sentenced him as an habitual offender to two consecutive 30-year terms.
Huggins argues that the trial court erred in finding him qualified as an habitual offender, in that his present offenses did not occur “within 5 years of [his] release on parole ... from a prison sentence” imposed for a prior conviction, as required by section 775.084(l)(a)2., Florida Statutes (emphasis supplied). We agree. See Lewis v. State, 577 So.2d 686 (Fla. 1st DCA1991); Allen v. State, 487 So.2d 410 (Fla. 4th DCA1986); Further, the state concedes error and requests remand for resentencing. Based on the foregoing, we reverse the habitual offender sentences imposed herein, and remand for resentencing other than as an habitual offender.
JOANOS, C.J., and BARFIELD and MICKLE, JJ., concur.