617 So.2d 1168 (1993)
George William GIRTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-799.
District Court of Appeal of Florida, Fifth District.
May 21, 1993.
James B. Gibson, Public Defender and James T. Cook, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Chief Judge.
George Girtman appeals from the habitual violent felony offender sentence imposed following his plea of nolo contendere to one count each of armed burglary of a dwelling, possession of burglary tools, possession of a weapon in the commission of a felony, and resisting an officer without violence. Girtman argues his record did not qualify him for habitual offender status. We reverse.
On July 10, 1984, Girtman was released from prison on a sexual battery conviction to begin a 10 year parole period. On February 28, 1989, Girtman was convicted of resisting an officer without violence and was placed on probation for 6 months. On May 3, 1989, Girtman was arrested on a parole violation warrant based on the conviction of resisting an officer without violence. Girtman spent 15 days in jail, then was released on his own recognizance pending the decision of the Parole Commission concerning whether revocation of his parole was in order. On June 21, 1989, the Commission entered its order releasing Girtman from custody on the matter of the parole violation:
WHEREAS, it appears after due examination, that there is not at this time probable cause or reasonable grounds to believe that he has violated the conditions of his release to the degree that revocation of the release would be required by this Commission.
NOW THEREFORE, it is ordered that the above name be hereby released from custody on the matter of parole violation and is restored to supervision.
On January 9, 1991, Girtman committed the offenses to which he pled no contest in the instant case.
At the sentencing hearing in this case, the State successfully argued that Girtman qualified as a habitual violent felony offender because he had been released from the Orange County jail (where he had been held for 15 days on the parole violation *1169 warrant) within five years of his commission of the instant offenses. The State reasoned that the county jail time constituted "other commitment" under section 775.084(1)(a)2, Florida Statutes (1991)[1] and the county jail time was directly related to the sexual battery offense for which the defendant was originally placed on parole. The trial court found that Girtman met the requirements of section 775.084(1)(a)2 and sentenced him as a habitual violent felony offender.
Girtman argues that the time he spent in the county jail while the Parole Commission was considering the severity of his parole violation (for committing a misdemeanor) did not constitute "other commitment" as contemplated by section 775.084(1)(a)2. He cites Allen v. State, 487 So.2d 410 (Fla. 4th DCA 1986) where the defendant was sentenced as a habitual offender based on the fact that he was released from probation within five years prior to the offense for which he was currently being sentenced. The court determined that "other commitment" as used in the statute did not include probation:
The state would have the court believe that the word "commitment" as used in this statute may include probation. If we examine the statutory sentence whose meaning we are trying to fathom, we find reference to five years from the defendant's release "on parole or otherwise." Probation more logically falls into the "or otherwise" than into the class of conditions denominated "other commitment." It would make no sense to consider release on parole as the significant date from which to count the time to the next offense, but in case of release on probation, to have the clock start ticking only when the period of probation has come to an end. The principal, though not only, difference, between probation and parole is that the first is determined by the court prior to incarceration  if any  whereas the second is determined by the parole commission. In sum, in the expression "on parole or otherwise" the legislature was speaking of parole, probation, reprieve or expiration of one's term of incarceration. In the expression "prison sentence or other commitment," the legislature included, conceivably, commitment to a mental hospital or to a facility for detaining youthful offenders, but not probation.
Id. at 411-12 (footnote omitted). Accordingly, the Allen court reversed defendant's designation as a habitual offender.
We find that reasoning similar to Allen applies in this case. Here, Girtman was not reimprisoned for parole revocation. He was temporarily confined during the suspension of his parole, pending revocation proceedings. This temporary custodial detention did not ripen into reimprisonment for parole revocation because the Commission ultimately determined that the violation of the conditions of parole was not to the degree requiring revocation.
We also recognize that section 947.22(1), Florida Statutes (1991) provides that if a parolee is arrested on an allegation of a parole violation and is not released on bail or on his own recognizance, "the parolee shall be committed to jail pending hearings pursuant to s. 947.23." (Emphasis added). However, "committed" as used in section 947.22 appears to mean "placed" or "held" on a temporary basis as opposed to the more formal "commitment" to the Department of Corrections which occurs after sentencing. See § 944.17(1), Fla. Stat. (1991) ("Each prisoner sentenced to the state penitentiary shall be committed by the court to the custody of the department."). Therefore, we hold that "other commitment" as used in the habitual offender statute refers to the latter type of formal commitment.
*1170 In this case, Girtman was released from the county jail on his own recognizance pending the Commission's final determination. Our search reveals no official label for the two weeks Girtman spent in the county jail before being released on his own recognizance, other than "custodial detention," which would not trigger application of the habitual offender statute. The rules of statutory construction also provide further support for our conclusion that "custodial detention" is not the type of commitment needed to trigger the habitual offender provisions. See § 775.021(1), Fla. Stat. (1991) ("The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused."); Carawan v. State, 515 So.2d 161 (Fla. 1987). Accordingly, we affirm Girtman's convictions, but reverse his sentences and remand for resentencing.
Convictions AFFIRMED; Sentences REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.
NOTES
[1] Section 775.084(1)(a)2 of the habitual offender statute provides that a trial court may impose an extended term of imprisonment on a defendant where:

The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later. [Emphasis added].