620 So.2d 1084 (1993)
Nathan BACON a/k/a Nathan Baker, and Michael Capehart a/k/a Nathaniel Baker, Appellants,
v.
STATE of Florida, Appellee.
No. 91-681.
District Court of Appeal of Florida, First District.
June 28, 1993.
*1085 Nancy A. Daniels, Public Defender, Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant Capehart.
Quentin T. Till, P.A., Jacksonville, for appellant Bacon.
Robert A. Butterworth, Atty. Gen., Andrea England and Carolyn Mosley, Asst. Attys. Gen., Tallahassee, for appellee.
MICKLE, Judge.
Nathan Bacon and Michael Capehart seek reversal of their convictions and sentences for two counts of burglary of a conveyance. We find only one of the several issues raised to be meritorious; we affirm the convictions but remand for resentencing as to Capehart.
At Capehart's sentencing proceeding, the state sought habitual offender classification based upon the fact that Capehart had been released on parole from community control in 1988. The lower court agreed and sentenced Capehart to 10 years as a habitual offender.
Capehart challenges his habitual offender sentence, alleging that the lower court improperly relied upon his 1988 release from community control in applying the provisions of the habitual offender statute. We agree. Section 775.084(1)(a)(2), Florida Statutes (Supp. 1988) provides that the court may sentence a defendant as a habitual offender if it finds
The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later; ...
(Emphasis added.) We must determine whether Capehart's placement on community control serves as "other commitment" under the statute.
The state contends that community control, which can be imposed as a substitute for prison and which severely restricts an individual's freedom, constitutes "other commitment." Hence, the state maintains that since Capehart's release occurred on January 30, 1988, within the 5-year period as required by the statute, he was properly qualified as a habitual offender. The state relies on Dietz v. State, 534 So.2d 808, 810 (Fla. 2d DCA 1988), wherein the Second District Court likened the community control program to an "at home prison sentence."
Capehart directs our attention to Allen v. State, 487 So.2d 410 (Fla. 4th DCA 1986), wherein the Fourth District Court interpreted section 775.084(1)(a)(2) to include probation in the "parole or otherwise" category. The court stated:
... in the expression "on parole or otherwise" the legislature was speaking of parole, probation, reprieve or expiration of one's term of incarceration. In the expression "prison sentence or other commitment," the legislature included, conceivably, commitment to a mental hospital or to a facility for detaining youthful offenders, but not probation.
Id. at 412. In much the same vein, we now extend the rationale espoused in Allen to logically include community control within the category "parole or otherwise" and not "or other commitment." Community control is defined in section 948.001(1), Florida Statutes (1989), as
... a form of intensive, supervised custody in the community, including surveillance on weekends and holidays... . Community control is an individualized *1086 program in which the freedom of an offender is restricted within the community, home, or non-institutional residential placement and special sanctions are imposed and enforced.
See also Fla.R.Crim.P. 3.701(d)(13), which defines community control as "a form of intensive supervised custody in the community involving restriction of the freedom of the offender." Commitment, on the other hand, is defined as "the consignment or sentencing to confinement (as in a prison or mental hospital)." Webster's Third New International Dictionary (1981).
In the instant case, Capehart was released from imprisonment, for a 1977 felony conviction, to parole on May 11, 1982. In December 1982, he was convicted of a second felony. His parole was revoked and he was incarcerated until his June 25, 1985, release on parole, still for the 1977 conviction. In 1987, his parole was again revoked and he was placed on a community control program until January 30, 1988, when he was again released on parole. Although the fact that Capehart was subsequently released from community control back to parole lends support to the state's position, we are nevertheless hesitant to go so far as to conclude that Capehart was "committed" to community control.
In our reluctance to elevate the imposition of community control to the level of commitment for purposes of habitual offender sentencing, we also rely upon Swain v. State, 553 So.2d 1331 (Fla. 1st DCA 1989), where we held that a defendant was not entitled to credit for time served on community control. There, we viewed community control as a hybrid concept, less restrictive than prison, but more severe than probation. See also, In the Interest of B.A., 546 So.2d 125 (Fla. 1st DCA 1989) (community control not the functional equivalent of imprisonment against which credit is mandated); Braxton v. State, 524 So.2d 1141 (Fla. 2d DCA 1988) (court refused to equate community control with institutional incarceration, but rather likened it to parole, for fourth amendment purposes).
The lower court, in sentencing Capehart as a habitual offender, erroneously applied the date of his release from community control. The instant offenses were committed in September 1990. Since Capehart's two prior felony convictions, in 1977 and 1982, do not otherwise serve to bring him within the statutory provisions, we REVERSE the habitual offender sentence imposed herein, and REMAND for resentencing within the guidelines. This appeal is in all other respects AFFIRMED.
In addition, we certify to the Florida Supreme Court the following question which we believe to be one of great public importance:
DOES THE TERM "OTHER COMMITMENT" IN THE PHRASE "FROM A PRISON SENTENCE OR OTHER COMMITMENT" IN SECTION 775.084(1)(a)(2), FLORIDA STATUTES (SUPP. 1988), INCLUDE COMMUNITY CONTROL?
SMITH, J., concurs.
BARFIELD, J., concurs with written opinion.
BARFIELD, Judge, concurring:
I concur in the result reached in the majority opinion and in the certified question because the decision is not unreasonable and construes a penal statute strictly against the state where a liberty interest is involved. However, I am not certain that it is a construction consistent with what the legislature probably intended.
In Allen v. State, 487 So.2d 410 (Fla. 4th DCA 1986), the court was concerned with probation. Quite correctly, the court concluded that probation was a condition similar or less onerous than parole and did not constitute commitment. When the court spoke of the phrase "on parole or otherwise" in reference to release, it suggested completion of a sentence or period of commitment as being "otherwise" in addition to parole or probation. It is perfectly rational, and probably the legislative intent, to place community control in the arena with confinement, mental health commitment, or youthful offender commitment, *1087 from all of which the various forms of release could include parole, probation, expiration of sentence, or clemency.
The use of community control in the present case places it in a category more restrictive than parole and more closely akin to confinement. In this case, the defendant was released from confinement to parole. His parole was revoked and he was "committed" to community control. He was released from community control to parole.