630 So.2d 1220 (1994)
Charles A. HIGHTOWER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03978.
District Court of Appeal of Florida, Second District.
January 21, 1994.
*1221 James Marion Moorman, Public Defender, Bartow, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna Provonsha-Lentz, Asst. Atty. Gen., Tampa, for appellee.

ORDER
Upon consideration of the motion for rehearing filed on November 3, 1993, by the Public Defender, Tenth Judicial Circuit, Bartow, it is
ORDERED that the motion for rehearing is granted and the prior opinion filed October 27, 1993, is withdrawn. The attached opinion is substituted therefor.
PARKER, Judge.
Charles A. Hightower appeals the final judgment that adjudicated him guilty of burglary and grand theft. Hightower argues on appeal that the trial court erred by sentencing him as a habitual violent felony offender pursuant to section 775.084, Florida Statutes (1989). We reverse because the trial court erred in finding that Hightower's present felony occurred within five years of his release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony.
In 1984 Hightower entered a guilty plea to grand theft, armed burglary, and commission of a felony with a firearm. The court adjudicated him guilty and placed him on five years' probation. In 1988 the court revoked Hightower's probation, upon the commission of a new offense, and again placed him on five years' probation to be served concurrently with the sentences imposed in two other cases. Hightower pleaded guilty in these two other cases to burglary of a structure and grand theft. Hightower was on probation from all three of these cases when he committed the present offenses.
A court may sentence a defendant as a habitual violent felony offender if the defendant previously has been convicted of a felony enumerated in section 775.084(1)(b)1, Florida Statutes (1989) and the defendant committed the present felony within five years of the date of the conviction of the last prior enumerated felony or within five years of the defendant's release from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony. § 775.084(1)(b), Fla. Stat. (1989). We must determine whether Hightower's placement on probation is included within the meaning of "other commitment" under the statute.
The Fourth District has answered this query and held that the phrase "other commitment" did not include probation. Allen v. State, 487 So.2d 410 (Fla. 4th DCA 1986). Recently, in Bacon v. State, 620 So.2d 1084, 1086 (Fla. 1st DCA 1993), the First District declined to interpret "the defendant's release ... from a prison sentence or other commitment" to include community control for the purposes of habitual offender sentencing. Accordingly, if community control cannot be included in the definition of "other commitment," then probation, which is a less restrictive form of control, also should not be included. Because Hightower did not commit the present felony within five years of his 1984 conviction, we reverse the habitual violent felony offender sentence and remand for resentencing within the guidelines. In addition, we certify to the Florida Supreme Court the following question of great public importance:
DOES THE TERM "OTHER COMMITMENT" IN THE PHRASE "FROM A PRISON SENTENCE OR OTHER COMMITMENT" *1222 IN SECTION 775.084(1)(b)2, FLORIDA STATUTES (1989), INCLUDE PROBATION?
DANAHY, A.C.J., and ALTENBERND, J., concur.