WOLF, Judge.
Smith appeals from a final judgment and sentence following a jury trial in which appellant was convicted of armed robbery with a deadly weapon. Appellant raises two issues, only one of which merits discussion. We find that a defendant who absents himself after commencement of the trial deprives himself of the opportunity of learning of the sentencing date, thereby waiving the right not only to be present at trial, but also the right to be present at sentencing. Agu-iar v. State, 633 So.2d 557 (Fla. 3d DCA 1994), rev. denied, 641 So.2d 1344 (Fla.1994).[1]
The judgment and sentence are affirmed.
WEBSTER and LAWRENCE, JJ., concur.

. We would note that our decision in this case does not conflict with the recent case of this court, Jarrett v. State, 654 So.2d 973 (Fla. 1st DCA 1995), which dealt with initiating a felony trial without the defendant being present. A defendant who absents him or herself after commencement of jury selection cannot complain of the continuation of the proceedings. Daniels v. State, 587 So.2d 460 (Fla.1991).