740 So.2d 1212 (1999)
James Anthony GAVLICK, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04637.
District Court of Appeal of Florida, Second District.
August 11, 1999.
Rehearing Denied September 14, 1999.
Brian J. Donerly and Robert A. Foster, Jr., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
*1213 CAMPBELL, Acting Chief Judge.
Appellant, James Anthony Gavlick, challenges his convictions and sentences for multiple offenses stemming from his involvement in a fraudulent check passing operation that began with the theft of those checks from various businesses. A jury convicted Appellant of one count of racketeering, one count of conspiracy to commit racketeering and twenty-seven counts of grand theft. We affirm Appellant's convictions, but reverse his habitual offender sentence and remand for sentencing within the guidelines.
Appellant first argues that his motion for judgment of acquittal on the racketeering and conspiracy counts should have been granted for failure of the State to establish the existence of an "enterprise." We find sufficient evidence to support the jury verdict in that regard.
Appellant next argues that the trial judge should have dismissed the conspiracy to commit racketeering charge as being duplicitous of the racketeering charge. We also find that argument to be without merit as each charge has an essential element not present in the other.
In regard to his convictions, Appellant argues most strongly the failure of the trial judge to give an expanded instruction based on Boyd v. State, 578 So.2d 718 (Fla. 3d DCA 1991), of the definition of an "enterprise." The trial judge, failing to find it insufficient, gave the Standard Jury Instruction on racketeering enterprise. We also find the Standard Jury Instruction on that subject sufficient. Moreover, Appellant failed to file a written request setting forth with particularity the special instructions requested. See Fla. R.Crim. P. 3.390(c). Absent special or extenuating circumstances, which we find did not exist, the failure to file a written request for a special instruction precludes appellate review, particularly as here, where the oral request was to redefine an issue covered by the Standard Jury Instructions. See Wilson v. State, 344 So.2d 1315 (Fla. 2d DCA 1977); Holley v. State, 423 So.2d 562 (Fla. 1st DCA 1982).
Having found no reversible error in regard to the issues raised by Appellant directed toward his convictions, we affirm his convictions.
We turn finally to Appellant's argument that he was improperly sentenced as a habitual felony offender. We agree that the trial judge erred in so sentencing Appellant and reverse and remand for sentencing within the guidelines. In doing so, we are constrained to observe with dismay that the representative of the statewide prosecutor who was trial counsel for the State urged upon the trial judge a habitual felony offender sentence when the law clearly dictated that such a sentence was unavailable. Trial judges, particularly, should be entitled to rely upon accurate representation of the law by trial counsel. The assistant statewide prosecutor represented to the trial court two alternative bases for Appellant's habitual felony offender sentences, neither one of which had merit. The first argument presented was that Appellant's release from probation within five years of the commission of the racketeering offense qualified as a "release from a prison sentence or other commitment." It has been repeatedly and clearly held that in order to sentence as a habitual felony offender, the felony for which the defendant is being sentenced must have been committed within five years of his release from prison or other commitment and not his release from probation, community control or parole. See Reynolds v. State, 674 So.2d 180 (Fla. 2d DCA 1996); Hightower v. State, 630 So.2d 1220 (Fla. 2d DCA 1994); Bacon v. State, 620 So.2d 1084 (Fla. 1st DCA 1993); Allen v. State, 487 So.2d 410 (Fla. 4th DCA 1986).
The State's alternative theory that Appellant was qualified for habitual felony offender sentencing is equally unavailable and flawed. The alternative argument was that Appellant had a qualifying offense within five years of the commission of the *1214 offense for which he was being sentenced. The information below upon which Appellant was being sentenced alleged the commission of the racketeering offense between the dates of May 18, 1989 and May 2, 1996. The State argued that Appellant's qualifying offense was a burglary conviction. The obvious problem with using the burglary conviction as a habitual felony offender qualifying offense is that the burglary was committed on April 28, 1996 and the conviction for the burglary occurred on November 8, 1996. Section 775.084(1), Florida Statutes (1995), requires that in order to be a qualifying prior felony, "[t]he felony for which the defendant is to be sentenced was committed:... (b) within 5 years of the date of conviction of the defendant's last prior felony...."
Clearly, the qualifying felony must be a prior felony and the defendant must have been convicted of that prior felony within five years of the date of commission of the offense for which the defendant is being sentenced. The dates alleged for the commission of the racketeering charge were from May 18, 1989 to May 2, 1996. The date of conviction for the burglary offense which was used as a qualifying felony was November 8, 1996. The burglary conviction was after, not prior to the date of the commission of the offense for which sentence was being imposed. The burglary offense was therefore not a qualifying offense. Hall v. State, 738 So.2d 374 (Fla. 1st DCA 1999).
Appellant's convictions are affirmed. His sentences are reversed and the case remanded for sentencing within the guidelines.
GREEN and DAVIS, JJ., Concur.