WARNER, C.J.
We affirm the denial of appellant’s motion for postconviction relief in which he claimed that he had been erroneously adjudicated as a habitual violent felony offender. Specifically, appellant asserts that he had been released from prison for the qualifying offense more than five years prior to the offense for which he was habit-ualized. However, appellant ignores the fact that he had been released from the qualifying offense on parole in California and then violated parole twice, resulting in two subsequent imprisonments based upon the underlying offense. He was finally discharged on the qualifying offense while incarcerated pursuant to the parole violation, which discharge was within five years of the offense for which he was habitual-ized. Thus, his conviction was “within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony. ...” § 776.084(l)(b)2., Fla. Stat. (1993)(emphasis added). The return to prison as a result of the parole violation constitutes a commitment imposed as a result of the prior qualifying conviction. Cf. Girtman v. State, 617 So.2d 1168 (Fla. 5th DCA 1993).
Affirmed.
STEVENSON and TAYLOR, JJ., concur.