765 So.2d 914 (2000)
Darren JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4194.
District Court of Appeal of Florida, Second District.
August 25, 2000.
*915 Darren Johnson, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Darren Johnson appeals his habitual violent felony offender sentence for the March 25, 1997, robbery of a convenience store. He maintains that his prior convictions do not qualify him for habitual violent felony offender status and that the error in sentencing him was fundamental. We agree. See Maddox v. State, 760 So.2d 89 (Fla. 2000). Accordingly, we reverse his sentence and remand for imposition of a guidelines sentence.
At the sentencing hearing, the State cited Johnson's two prior 1988 robbery convictions and his 1986 dealing in stolen property conviction as qualifying offenses for purposes of the habitual violent felony offender statute. The trial court adjudicated Johnson to be a habitual felony offender, as well as a habitual violent felony offender, and sentenced him to thirty years' incarceration with a ten-year minimum mandatory provision.
Johnson contends that his prior convictions do not qualify him for habitual violent felony offender status because they did not fall within the five-year window period provided by subsection 775.084(1)(b)2.b., Florida Statutes (1997). Under that subsection, a defendant may receive a habitual violent felony offender sentence when he or she has previously been convicted of two or more felonies and the felony for which the defendant is to be sentenced occurred:
within [five] years of the date of the conviction of the last prior enumerated felony, or within [five] years of the defendant's release from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later.
§ 775.084(1)(b)2 b, Fla. Stat. (1997) (emphasis added). Thus, where a defendant has been released from prison or "other commitment" within the five-year period immediately prior to committing the instant offense, the trial court may impose a habitual violent felony offender sentence. However, where the defendant's previous release occurred outside that five-year window, a habitual violent offender sentence is improper.
Johnson committed his instant offense on March 25, 1997. Although he had been released from prison on February 4, 1992, a date outside the five-year window period, his control release supervision expired on *916 February 3, 1993, a date within the five-year window. The question is whether control release supervision qualifies as "other commitment" under the statute so as to permit the trial court to use the defendant's timely release from that supervision to justify imposition of a habitual violent felony offender sentence.
Although we have found no cases concerning control release supervision in this context, we believe that the case law concerning community control is analogous. This court and others have consistently held that release from community control does not qualify as release from "other commitment." See Gavlick v. State, 740 So.2d 1212 (Fla. 2d DCA 1999) (citing Reynolds v. State, 674 So.2d 180 (Fla. 2d DCA 1996)); Hightower v. State, 630 So.2d 1220 (Fla. 2d DCA 1994); Bacon v. State, 620 So.2d 1084 (Fla. 1st DCA 1993); Allen v. State, 487 So.2d 410 (Fla. 4th DCA 1986).
The First District's analysis in Bacon is particularly instructive. There, the court examined the definitions of "community control" and "commitment" and concluded that community control was more similar to parole, which does not qualify as "other commitment," than it was to incarceration, which does qualify as "other commitment." The court noted that subsection 948.001(1), Florida Statutes (1989), defined community control as:
a form of intensive, supervised custody in the community, including surveillance on weekends and holidays.... Community control is an individualized program in which the freedom of an offender is restricted within the community, home, or non-institutional residential placement and special sanctions are imposed and enforced.
See id. The court further observed that Florida Rule of Criminal Procedure 3.701(d)(13), similarly defines community control as a "form of intensive supervised custody in the community involving restriction on the freedom of the offender." See id. The Bacon court then contrasted these definitions with the accepted meaning of the word "commitment," which is defined as "the consignment or sentencing to confinement (as in a prison or mental hospital)." See Bacon, 620 So.2d at 1086-1086. After considering these definitions, the court concluded that community control was not sufficiently restrictive to classify it as "other commitment."
Applying this analysis to the instant question of whether control release supervision qualifies as "other commitment," we observe first that control release is defined as "an administrative function solely used to manage the state prison population within total capacity." See § 947.146(2), Fla. Stat. (1997). The Control Release Authority determines the "appropriate terms, conditions, and lengths of supervision, if any, for persons placed on control release...." See § 947.146(10). Depending upon the circumstances, an offender on control release may be subject to the same terms, conditions, and lengths of supervision as would a person on community control or parole. Accordingly, the level of restrictiveness in control release supervision is more similar to the level of restrictiveness associated with community control than with incarceration or commitment. We can discern no reason, looking only at the 1997 version of the statute, to differentiate between those persons on control release and those who are on probation, parole, or community control. Having determined that control release supervision does not qualify as "other commitment," we reverse Johnson's habitual violent felony offender sentence.
Although we reverse Johnson's sentence in the instant case, we acknowledge that the Florida Legislature changed the language of the habitual violent felony offender statute as a result of the district courts' holdings in the cases cited above. The habitual offender statute now provides that the instant offense must be committed: *917 within [five] years of the date of the conviction of the last prior enumerated felony, or within [five] years of the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole, or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for an enumerated felony, whichever is later.
§ 775.084(1)(b)2 b, Fla. Stat. (1999). Although control releasees may now qualify for a habitual violent felony offender sentence if they commit a new enumerated offense within five years of their release from supervision, this new statute may not be applied to Johnson because ex post facto criminal laws are prohibited by the U.S. Constitution.
Reversed and remanded for further proceedings consistent with this opinion.
THREADGILL, A.C.J., and FULMER, J., Concur.