782 So.2d 955 (2001)
Thenious SMITH, Appellant,
v.
Michael W. MOORE, Appellee.
No. 1D00-2323.
District Court of Appeal of Florida, First District.
April 10, 2001.
Thenious Smith, Appellant, pro se.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Attorneys, Tallahassee, for Appellee.
LEWIS, J.
Appellant seeks review of the denial of a Petition for Writ of Habeas Corpus in the Circuit Court. We AFFIRM.
On September 21, 1994, Appellant was sentenced as a habitual felony offender to serve 25 years of imprisonment for armed robbery. He filed a direct appeal on the issues of his right to be present at sentencing (after waiving his presence at hearing) and on the effect of comments made at hearing concerning his absence from the *956 hearing. His conviction was affirmed. See Smith v. State, 655 So.2d 1271 (Fla. 1st DCA 1995). In 1997, Appellant filed a motion for relief pursuant to Fla. R.Crim. P. 3.850 which was denied. See Smith v. State, 725 So.2d 1189 (Fla. 1st DCA 1998)(citing Dixon v. State, 678 So.2d 530 (Fla. 1st DCA 1996) (Appellant's motion not properly verified)). In December of 1999, Appellant filed a motion for relief pursuant to Fla. R.Crim. P. 3.800 which was denied on the basis that the motion was not the proper venue to argue that a sentence exceeds the guidelines. On May 23, 2000, Appellant filed the instant Petition for Writ of Habeas Corpus which was denied by the lower court on June 7, 2000. Timely appeal to this Court was filed on June 12, 2000.
Contrary to the arguments raised by the State, we do not find Appellant's request for relief to be procedurally barred. We conclude that the request for relief is not late because the nature of the relief requested is one (alleged illegal sentence) that can be raised at any time. See Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000). Further, our review of Appellant's previous filings with this Court establishes that the issue at bar was not previously raised. Therefore, we also conclude that the instant petition is not barred as successive.
Appellant argues he should not have been sentenced as a habitual offender pursuant to section 775.084(1)(a)2., Florida Statutes (1993), because he did not meet all of the criteria. Appellant had been previously convicted of two felonies, one in 1986 for possession of a controlled substance and the other in 1987 for carrying a concealed firearm. In 1991, he violated community control under both previous convictions and was sentenced to six months in county jail. The trial court treated this six-month sentence for violation of community control as a qualifying "other commitment" under the habitual offender statute.
Appellant further argues his 1991 commitment to county jail for violations of community control did not trigger the provision of the habitual offender statute which requires a finding that his 1994 offense occurred within five years of his release from a prison sentence or "other commitment" imposed as a requirement of a prior felony conviction. See section 775.084, F.S. (1993).[1] It is Appellant's position that his six-month jail sentence for violation of community control did not constitute an "other commitment." In support of this argument, Appellant cites to Girtman v. State, 617 So.2d 1168, (Fla. 5th DCA 1993). In Girtman, the court held that "other commitment" refers to a more formal commitment to the Department of Corrections which occurs after sentencing, not temporary custodial detention in jail pending revocation proceedings on a warrant for parole revocation.
In Girtman, supra, the defendant was released from prison on a ten-year parole period in 1984. In 1989, he was convicted on an additional felony, and then later that same year, he was arrested on a parole violation warrant and held in jail for fifteen days pending a determination on his parole revocation. He was then released on his own recognizance pending the decision of the Parole Commission concerning whether revocation of his parole was in order. *957 Ultimately, the Parole Commission found no probable cause to believe Girtman had violated probation. Thereafter, in 1991, Girtman committed offenses for which the State sought to have Girtman sentenced as an habitual offender using the fifteen days he was held in jail pending a determination on his parole violation as a qualifying release from an "other commitment" within five years. The Fifth District Court of Appeal noted Girtman was not reimprisoned for parole revocation. He was temporarily confined for fifteen days during suspension of his parole, pending revocation proceedings. The Fifth District Court determined this temporary detention did not ripen into re-imprisonment for parole revocation because the Parole Commission ultimately determined that the violation of the conditions of parole did not require revocation. The Fifth District in Girtman also recognized that Florida Statutes distinguish between being committed to jail pending hearings pursuant to section 947.23, Florida Statutes, for parole violations and the more formal commitment to the Department of Corrections which occurs after sentencing. The Girtman court held that "other commitment" as used in the habitual offender statute refers to the latter type of formal commitment.
The holding in Girtman can be distinguished from the instant proceedings. The key distinction is that Girtman does not address a sentence to county jail. There, the defendant, Girtman was temporarily confined during the suspension of his parole, pending revocation proceedings. He was released from the county jail on his own recognizance pending the Commission's final determination. His temporary custodial detention did not ripen into reincarceration for parole revocation because the Commission ultimately determined that the violation of the conditions of parole was not to the degree requiring revocation. Whereas, the Appellant, in the instant proceedings, was sentenced "to be imprisoned" for a term of six months in county jail upon a determination that he violated community control under two previous felony convictions. Since the Appellant was not being temporarily confined for a brief period on a warrant for revocation of parole, his six month commitment to the county jail, which occurred after sentencing, constitutes an "other commitment" as contemplated by section 775.084, Florida Statutes (1993), notwithstanding Girtman. Furthermore, Appellant's sentencing document on its face clearly indicates that Appellant is to be "imprisoned" for a term of six months.
Appellant also argues that if the statute is susceptible to differing construction, it must be construed in favor of lenity toward the accused. See Carawan v. State, 515 So.2d 161 (Fla.1987). In the instant appeal, we do not find the statute to be susceptible to differing construction. The Girtman court determined that a brief holding period in jail awaiting a determination of revocation of parole does not constitute an "other commitment." We hold that Appellant's commitment to county jail for a term of six months which occurred after sentencing does constitute an "other commitment," pursuant to section 775.084, Florida Statutes (1993). Appellant's sentence of imprisonment for a term of six months in county jail upon a determination that he violated community control under two previous felony convictions was not the same as Girtman's temporary confinement for fifteen days on a parole revocation warrant before being released on his own recognizance pending the Parole Commission's final determination.
Lastly, it is important to clarify in this case that the applicable statute is section 775.084, Florida Statutes (1993), which was in effect at the time Appellant *958 committed the crime for which he was habitualized. See Barber v. State, 584 So.2d 128 (Fla. 2nd DCA 1991)(error to impose enhanced sentence where crimes took place prior to the effective date of statutory amendment). The trial court should not have relied on 775.084, Florida Statute (2000), which now includes release from probation or community control. However, the order can be affirmed as the right decision even if it was made for the wrong reason. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
Accordingly, the denial of Appellant's Petition for Writ of Habeas Corpus is AFFIRMED.
ERVIN and WEBSTER, JJ., concur.
NOTES
[1] The current version of § 775.084(1)(a)2., F.S. (2000) was modified after Appellant's conviction to remove the language "other commitment" and to add the language: or within five years of the defendant's release from probation, community control, community release, conditional release, parole or court-ordered or lawfully imposed supervision or other sentence that is imposed.