844 So.2d 800 (2003)
Hector J. RUIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-270.
District Court of Appeal of Florida, Third District.
May 14, 2003.
Hector Ruiz, in proper person.
Charles J. Crist, Jr., Attorney General, and Jason Helfant, Assistant Attorney General, for appellee.
Before LEVY, RAMIREZ, and WELLS, JJ.
PER CURIAM.
The defendant appeals the denial of his most recent motion to correct illegal sentence which challenges his sentence, imposed on September 23, 1993, as a habitual felony offender. Specifically, the defendant argues that under section 775.084 of the Florida Statutes, the trial court used prior felony convictions too remote in time as a predicate for habitualizing him. We disagree and affirm.
For purposes of this appeal, we apply the 1991 version of section 775.084 which was in effect at the time that the defendant committed the felonies charged in case number 93-1993 on which he was habitualized.[1]See Smith v. Moore, 782 So.2d 955, 957-58 (Fla. 1st DCA 2001). In sentencing the defendant as a habitual felony offender, the trial court relied, in part, upon felony convictions from case numbers 87-18028, 89-2059A, and 89-6131 on *801 which the defendant was subsequently released from prison on either probation or community control. Because the defendant committed the felonies for which habitualization was being imposed in the instant matter within 5 years of release on at least two of these three prior felonies, we find that the trial court properly habitualized him.[2]See § 775.084(1)(a)(2), Fla. Stat. (1991)(authorizing habitualization where the new offense is "within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment"); Bacon v. State, 620 So.2d 1084 (Fla. 1st DCA 1993)(applying the former version of section 775.084 to prior felonies on which the defendant was released on community control); Allen v. State, 487 So.2d 410 (Fla. 4th DCA 1986)(applying the former version of section 775.084 to prior felonies on which the defendant was released on probation); see also Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)(confirming that the trial court "will generally be affirmed if the evidence or an alternative theory supports it").
We expressly reject the defendant's alternative argument directed at the trial court's alleged violation of section 775.084(5), Fla. Stat. (1993) regarding separate sentencing. Subsection (5) was added to the habitual offender statute in 1993, after the defendant had committed the felonies on which he was habitualized. See ch. 93-406, § 2, Laws of Fla. (1993) (effective June 17, 1993). Consequently, subsection (5) does not apply to the instant matter. See Smith, 782 So.2d at 957-58 (holding that the court should apply the version of section 775.084 "which was in effect at the time Appellant committed the crime for which he was habitualized"); Barnhill v. State, 788 So.2d 313 (Fla. 5th DCA 2001)(confirming that, prior to the enactment of subsection (5), habitualization did not have to be based on sequential convictions or offenses). Accordingly, we affirm.
NOTES
[1] The defendant was arrested in January 1993 on the charges for which he was habitualized. These crimes were, therefore, committed before the June 17, 1993 effective date of the 1993 version of section 775.084. See ch. 93-406, § 2, Laws of Fla. (1993).
[2] Defendant was released on probation in case number 87-18028 in January 1988; he was released on community control in case number 89-2059A in May 1991; and he was released on probation in case number 89-6131 in May 1991.