935 So.2d 1223 (2006)
Ben Arthur SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1681.
District Court of Appeal of Florida, Third District.
August 9, 2006.
Ben Arthur Smith, in proper person.
Charles J. Crist, Jr., Attorney General, and Michele Samaroo, Assistant Attorney General, for appellee.
Before COPE, C.J., and FLETCHER and ROTHENBERG, JJ.
COPE, C.J.
Ben Arthur Smith appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant-appellant Smith was convicted of possession of a firearm by a convicted felon. The offense date was May 15, 1997.
At sentencing the State sought to qualify the defendant as a habitual violent felony offender ("HVFO"). An issue arose regarding whether the defendant's 1997 offense was committed within five years of his release from prison on his predicate offense. During the hearing defendant's counsel stated: "I went to see my client yesterday, and according to my discussions with my client, this crime did occur within five years of his release from prison."
Based on that concession, the trial court ruled that the release from prison occurred within the statutorily-required five year time period prior to the current offense. The court also found that the other HVFO criteria had been met. The court ruled that the defendant qualified as an HVFO and sentenced him as such.
In his Rule 3.800(a) motion defendant claims his sentence is illegal because the trial court record does not contain "affirmative record evidence to prove defendant, Ben Smith's, actual release date" *1224 for his prior offenses. Notably absent from defendant's motion is any affirmative allegation that his release from prison occurred more than five years prior to his 1997 offense.
Under the applicable version of the habitual offender statute, the 1997 offense had to be committed "within 5 years of the defendant's release from a prison sentence...." § 775.084(1)(b)2.b., Fla. Stat. (Supp. 1996). The trial court made the required finding. Defendant argues, however, that his sentence is illegal due to lack of evidentiary support for the finding. Defendant is not correct. As quoted above, defense counsel informed the court that the defendant conceded the 1997 offense was within five years of his release from prison. A party can stipulate to qualification as a habitual offender, where he or she in fact qualifies. See Greenlee v. State, 591 So.2d 310 (Fla. 2d DCA 1991); Jefferson v. State, 571 So.2d 70 (Fla. 1st DCA 1990).
In order to make a facially sufficient attack on his HVFO adjudications, the defendant would have to allege that his 1997 offense was committed more than five years after his release from prison. See Macaluso v. State, 912 So.2d 694, 695 (Fla. 2d DCA 2005); see also Bover v. State, 797 So.2d 1246, 1251 (Fla.2001). The defendant has made no such allegation.
The defendant relies on cases in which a defendant stipulated that he was a habitual offender but the stipulation later turned out to be incorrect. "A defendant cannot stipulate to habitual offender sentencing `when the underlying substantive offenses necessary for such a sentence do not exist.'" Tucker v. State, 864 So.2d 580, 581 (Fla. 2d DCA 2004) (quoting Lee v. State, 731 So.2d 71, 73 (Fla. 2d DCA 1999)). Those cases do not apply here.
The defendant also states that when he was released from prison he was erroneously included in the control release program. The defendant's counsel explained at the sentencing hearing that this administrative error was later corrected. However, that error has no bearing on the issue before us. For habitualization purposes the relevant question was whether the defendant committed the 1997 offense within five years of his release from prison. The defendant's stipulation covered this issue, and the defendant's motion shows no basis for relief.
Affirmed.