994 So.2d 337 (2008)
Anthony Ray WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-3078.
District Court of Appeal of Florida, Third District.
August 6, 2008.
Rehearing Denied October 27, 2008.
Anthony Ray Williams, in proper person.
*338 Bill McCollum, Attorney General, and Nicholas Merlin, Assistant Attorney General, for appellee.
Before WELLS, ROTHENBERG, and SALTER, JJ.
ROTHENBERG, J.
Anthony Ray Williams ("Williams"), who contends that he was illegally sentenced as a habitual violent felony offender, appeals the trial court's denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
On April 25, 1996, Williams was found guilty of three counts of armed robbery, one count of armed burglary with an assault, four counts of aggravated assault with a deadly weapon, one count of grand theft vehicle, and one count of aggravated assault with a firearm. Based upon the State's notice of intent to seek an enhanced sentence[1] filed pursuant to section 775.084, Florida Statutes (1993), and after reviewing the presentence evaluation prepared by the Department of Corrections, the trial court sentenced Williams as a habitual violent felony offender. Thereafter, Williams' convictions and sentences were affirmed by this Court on direct appeal. Williams v. State, 695 So.2d 811 (Fla. 3d DCA 1997).
Since this Court's affirmance in 1997, Williams has filed numerous challenges to his convictions and sentences. On April 16, 1998, he filed a petition for writ of habeas corpus, which was denied by this Court. Williams v. Singletary, 718 So.2d 1251 (Fla. 3d DCA 1998). Next, he filed a motion for postconviction relief alleging five claims of ineffective assistance of trial counsel. This motion was denied by the trial court on June 15, 1999, and affirmed by this Court on November 24, 1999. Williams v. State, 746 So.2d 458 (Fla. 3d DCA 1999).
Since 1999, Williams has filed seven rule 3.800(a) motions attacking the habitual violent felony offender sentences imposed by the trial court. Each of the six prior rule 3.800(a) motions was denied by the trial court, and the denials were affirmed by this Court. The first rule 3.800(a) motion, filed on April 12, 2000, was denied by the trial court on July 6, 2000, and affirmed by this Court on May 16, 2001. Williams v. State, 785 So.2d 679 (Fla. 3d DCA 2001).
The second rule 3.800(a) motion was filed in January 2002, denied by the trial court on February 26, 2002, and affirmed by this Court on June 12, 2002. Williams v. State, 819 So.2d 782 (Fla. 3d DCA 2002). The third such motion, filed less than one year later on January 16, 2003, was denied by the trial court on February 21, 2003, and affirmed by this Court on August 6, 2003. Williams v. State, 855 So.2d 67 (Fla. 3d DCA 2003). The fourth rule 3.800(a) motion, filed on March 16, 2004, was denied by the trial court on April 23, 2004, and affirmed by this Court on August 18, 2004. Williams v. State, 880 So.2d 1230 (Fla. 3d DCA 2004). The fifth rule 3.800(a) motion, filed on April 18, 2006, was denied by the trial court, and was affirmed by this Court on September 1, 2006. Williams v. State, 937 So.2d 674 (Fla. 3d DCA 2006). And the sixth rule 3.800(a) motion was filed on December 27, 2006, denied by the trial court on January 5, 2007, and affirmed by this Court on May 2, 2007. Williams v. State, 958 So.2d 938 (Fla. 3d DCA 2007).
The instant motion is Williams' seventh attempt to challenge the habitual violent felony offender classification and the sentences imposed. While claims raised by Williams herein were previously raised and *339 decided adversely, and are therefore procedurally barred, see State v. McBride, 848 So.2d 287, 290 (Fla.2003) (concluding that the judicial doctrine of collateral estoppel generally prevents the relitigation of the same issues previously decided); Gentile v. Bauder, 718 So.2d 781, 783 (Fla.1998), they are also meritless, as Williams clearly qualified to be sentenced as a habitual violent felony offender.
A review of the record submitted with this appeal reveals that Williams was found guilty of committing sexual battery, adjudicated, and sentenced to four years incarceration followed by two years of community control as a youthful offender on July 24, 1986. Williams was incarcerated for this offense until January 19, 1989, and was on community control until June 6, 1990, when he violated the conditions of his supervision and his community control was revoked.
A few months later, Williams broke into two homes, as reflected in case numbers 90-44556(A) and 90-44557. On December 9, 1991, he was sentenced to three years incarceration on each, and he was given credit for the 111 days he had already served in the county jail. Williams was released from state prison when he completed his sentence on April 30, 1993.
On January 21, 1994, Williams was found guilty of attempted burglary and criminal mischief and was sentenced to thirty-nine days in the county jail (time which he had already served when he entered his guilty plea on January 21, 1994), followed by probation. On September 23, 1994, while still on probation, Williams committed the offenses which are the subject of the instant appeal.
Williams was sentenced as a habitual violent felony offender for the instant offenses on September 23, 1994, under section 775.084, Florida Statutes (1993). Sexual battery is a qualifying offense pursuant to the statute. § 775.084(1)(b)b, Fla. Stat. (1993). An incarceration as a youthful offender for the commission of this sexual battery constitutes a predicate offense for sentencing as a habitual violent felony offender. See Whitfield v. Singletary, 730 So.2d 314, 315 (Fla. 3d DCA 1999). Under section 775.084(1)(b), the trial court may sentence a defendant as a habitual violent felony offender only if it finds that the felony or felonies for which the defendant is to be sentenced was/were committed within five years of the defendant's release from a prison sentence or other commitment for an enumerated felony. Section 775.084(1)(b)2 provides that an enhanced penalty as a habitual violent felony offender may be imposed if the defendant was previously convicted of an enumerated felony and:
The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior enumerated felony or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later[.]
Williams was incarcerated for the enumerated felony, sexual battery, until January 19, 1989, and he committed the instant offenses on September 23, 1994. However, upon his release from the prison sentence imposed for the sexual battery, he began serving the community control portion of his sentence. Williams subsequently violated the conditions of his supervision, and on June 6, 1990, he was sentenced to 4.5 years of incarceration and his community control was revoked. Because Williams was originally sentenced to four years incarceration, the sentence imposed on June 6, 1990, for violating the conditions of his community control for the *340 sexual battery, was for an additional six months of incarceration.[2]
We recognize that under the sentencing scheme in effect when Williams committed the offenses in the instant case, community control and probation were not "other commitments" contemplated by section 775.084, and therefore, could not be considered when computing the time between Williams' release from commitment for the sexual battery conviction and the commission of the instant felonies. See Hightower v. State, 630 So.2d 1220, 1221 (Fla. 2d DCA 1994) (holding that for sentencing as a violent habitual felony offender, "other commitment" did not include probation); Bacon v. State, 620 So.2d 1084, 1086 (Fla. 1st DCA 1993) (concluding that while community control is more restrictive than probation, that community control is not the functional equivalent of imprisonment and therefore did not qualify as "other commitment" under section 775.084); Allen v. State, 487 So.2d 410, 412 (Fla. 4th DCA 1986) (holding that the phrase "other commitment" in section 775.084 did not include probation).
We also recognize that temporary detention that does not ripen into re-imprisonment for a community control, probation, or parole violation, does not qualify as an "other commitment" under the statute. See Girtman v. State, 617 So.2d 1168, 1169 (Fla. 5th DCA 1993) (holding that "other commitment" refers to a formal commitment to the Department of Corrections, not temporary custodial detention in jail pending revocation proceeding on a warrant for a parole violation).
Having recognized the body of law holding that probation and community control do not qualify under the 1993 sentencing scheme as an "other commitment," and that simply being in custody on a probation, community control, or parole violation warrant that never materializes into a finding of guilt as to the violation and the imposition of an additional sentence of incarceration, does not constitute an "other commitment," we conclude, as the First District concluded in Smith v. Moore, 782 So.2d 955, 957 (Fla. 1st DCA 2001), that the imposition of the additional six-month sentence after a finding of guilt as to the community control violation does constitute an "other commitment" pursuant to section 775.084, Florida Statutes (1993).
Although the defendant relies on Girtman, we agree with the First District that Girtman is distinguishable from the facts in Smith. Girtman is similarly distinguishable from the facts in the instant case. In Girtman, the defendant was held in custody temporarily (for fifteen days) on a parole violation warrant. After a finding of no probable cause, Girtman was released. In contrast, the defendant in the instant case was found guilty of violating his community control and he was sentenced to 4.5 years of incarceration, with credit for time served. As his original sentence was for four years of incarceration, the additional six-month sentence imposed for the violation was an "additional commitment."
We, therefore find, for the seventh time, that this defendant's sentence was legal and we therefore, affirm the trial court's order denying the defendant's motion to correct an illegal sentence. While we decline to issue a rule to show cause, as requested by the State, directing the defendant to show good cause why he should not be precluded from filing any further pro se appeals in this case, we caution the *341 defendant that any further attempts by him to relitigate this already over-litigated issue on appeal, may result in the forfeiture of any earned gain-time and preclusion by this Court of the filing of any further pro se appeals with this Court in the case. See § 944.28(2)(a), Florida Statutes (2007) ("All or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court...."); State v. Spencer, 751 So.2d 47 (Fla.1999) (holding that a court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond); Simon v. State, 904 So.2d 487 (Fla. 3d DCA 2005).
Affirmed.
NOTES
[1] The State's notice of intent to seek an enhanced sentence was filed on August 1, 1995.
[2] Because Williams was given credit for the time he had served both in state prison and in county jail while awaiting disposition of his community control violation, Williams was released on June 6, 1990.