*675
 
 COPE, J.
 

 This is an appeal of an order summarily denying a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm the order, but on a basis different from that which was stated by the trial court.
 

 The trial court’s denial order points out that defendant-appellant Derrick Moss has filed numerous previous postconviction motions. The denial order states, in part, that “Defendant provides no explanation for why these claims could not have been raised in his previous motions. Defendant’s claims are therefore denied as successive.”
 

 We are unable to affirm the denial order on the stated basis. While Florida Rule of Criminal Procedure 3.850 contains a provision barring successive motions,
 
 see
 
 Fla. R.Crim. P. 3.850(f), there is no such bar in Florida Rule of Criminal Procedure 3.800(a). The Florida Supreme Court has explained that “Rule 3.800 ... allows a court to correct an illegal sentence ‘at any time.’ Florida courts have held, and we agree, that the phrase ‘at any time’ allows defendants to file successive motions under rule 3.800.”
 
 State v. McBride,
 
 848 So.2d 287, 290 (Fla.2003).
 

 If a later rule 3.800(a) motion raises the same issue as an earlier rule 3.800(a) motion, then it will be barred by the doctrine of collateral estoppel where the earlier motion was denied on the merits.
 
 Id.
 
 at 290-91;
 
 see Mims v. State,
 
 994 So.2d 1233, 1235 (Fla. 3d DCA 2008);
 
 Pleasure v. State,
 
 931 So.2d 1000, 1002 (Fla. 3d DCA 2006).
 

 The trial court attached to its denial order the defendant’s prior motions to vacate or correct illegal sentence. However, it does not appear that the defendant has raised in the current motion any issue which is identical to issues raised in the prior motions. Therefore the current motion is not barred by collateral estoppel.
 

 We affirm instead on the merits. The defendant’s current offense date is November 14, 1994. He was adjudicated as a habitual felony offender. One of the predicate offenses was his conviction in Miami-Dade County Circuit Court case number 90-98589. The defendant committed his 1994 offense less than five years after the date of the 1990 conviction, and less than five years after his release from prison.
 
 See
 
 § 775.084(l)(a)2., Fla. Stat. (1993).
 

 Contrary to the defendant’s argument, the fact that the defendant was on control release for the 1990 offense when he committed the 1994 offense does not prevent the 1990 conviction from being used as a qualifying offense. The statute allows the five-year period to run from “the date of conviction of the last prior felony ... or within five years of the defendant’s release, on parole or otherwise, from a prison sentence ... whichever is later.”
 
 Id.
 
 The defendant’s release on control release was a release under the “otherwise” provision of the statute. Whether measured from the date of the 1990 conviction or the subsequent date of release on control release, the 1990 conviction is a qualifying offense.
 
 See Ruiz v. State,
 
 844 So.2d 800 (Fla. 3d DCA 2003);
 
 see also Smith v. State,
 
 935 So.2d 1223, 1224 (Fla. 3d DCA 2006).
 

 The defendant also argues that his prior conviction in Miami-Dade County Circuit Court case number 82-23151 cannot be used as a qualifying offense because it was more than five years prior to the 1990 adjudication. That argument is without merit. Under the statute, only one qualifying offense must meet the five-year test discussed above. There is no temporal requirement for the other qualifying
 
 *676
 
 offense. The trial court reached the correct result in denying relief.
 

 Affirmed.