PER CURIAM.
Kevin V. Brown timely appeals the summary denial of his postconviction relief motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
Although we find no merit in the appellant’s claims concerning his pleas in circuit court case numbers 88-16270 and 89-10316, or concerning the sentence in case number 88-16270, we do find merit in the appellant’s claim that he was not represented by counsel at the time of sentencing in case number 89-10316. Claims of this nature are cognizable in a motion for post-conviction relief. See Gurchick v. State, 439 So.2d 1002 (Fla. 2d DCA 1983). A criminal defendant is entitled to counsel at each critical stage of the criminal proceeding, which includes sentencing. While the right to counsel may be waived, the trial court must ensure that the waiver is knowingly and voluntarily made. The portions of the file and record attached to the order summary denying the motion do not refute the allegation that the appellant was not represented at sentencing or show a waiver of counsel by the appellant.
Accordingly, we reverse the trial court’s denial of appellant’s motion as to the allegation regarding the absence of counsel at sentencing on case number 89-10316 and remand the case to the trial court. We affirm all other points raised by the appellant. On remand, unless the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall order the state attorney to file an answer within a time certain. After receipt of the answer, the court shall determine whether an evidentiary hearing is required and proceed in accordance with rule 3.850.
*988 Affirmed in part, reversed in part, and remanded for further proceedings.
SCHOONOVER, C.J., HALL and THREADGILL, JJ., concur.