STRINGER, Judge.
Appellant, Darren Johnson, challenges his conviction and sentence for robbery. Appellant alleges that the trial court erred in denying his motion to suppress a suggestive identification; denying his motion for mistrial; and in sentencing him as a habitual felony offender and habitual violent felony offender. We affirm the trial court’s denial of appellant’s motion to suppress and his motion for mistrial without further comment. We however reverse appellant’s sentence as a habitual felony offender and habitual violent felony offender.
Appellant was convicted of two robberies which occurred in March of 1997. Appellant was tried separately on the two robberies. Appellant’s first conviction, which is not part of this appeal, was for a robbery committed on March 25, 1997. Appellant was convicted of this robbery on July 30, 1998. In a subsequent trial, appellant was convicted of a robbery committed on March 1, 1997. Appellant was sentenced for this robbery on January 6, 1999, as both a habitual felony offender and habitual violent felony offender to thirty years in prison with a ten-year minimum mandatory sentence. The sentence for the March 1st robbery was to run consecutive to the sentence appellant already was serving for the March 25th robbery conviction. Appellant appeals from his sentence for the March 1st robbery and argues that he does not qualify as a habitual felony offender or habitual violent felony offender. We agree.
Under section 775.084(l)(a)(2)(b), Florida Statutes (1997), to be sentenced as a habitual felony offender, the felony for which the defendant is to be sentenced must have been committed:
Within 5 years of the date of the conviction of the defendant’s last prior felony or other qualified offense, or within 5 years of the defendant’s release from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
§ 775.084(l)(a)(2)(b) (emphasis added). Under section 775.084(l)(b)(2)(b), in order to be convicted as a habitual violent felony offender, the felony for which the defendant is to be sentenced must have been committed:
Within 5 years of the date of the conviction of the last prior enumerated felony, or within 5 years of the defendant’s release from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later.
§ 775.084(l)(b)(2)(b) (emphasis added).
A review of áppellant’s prior criminal record reflects that he had previously been convicted and imprisoned for two robberies committed in 1988. Appellant was released from prison on February 4, 1992. Appellant’s release from prison occurred more than five years prior to the robbery on appeal which was committed on March 1, 1997. Thus, appellant would not qualify as a habitual felony offender or habitual *704 violent felony offender based on his 1988 robberies.
The State argues that appellant’s conviction for the March 25th robbery could be used as a qualifying felony. However, the statutes clearly state that the qualifying felony must be a prior felony. See § 775.084(1)(a)2 b, (b)2 b; Gavlick v. State, 740 So.2d 1212, 1214 (Fla. 2d DCA 1999). Since the March 25th robbery was committed subsequent to the March 1st robbery, it was not a prior felony; and therefore, could not be used as a qualifying felony.
Although appellant did not preserve this issue with an objection at the sentencing hearing, this court can correct an illegal sentence or any serious, patent sentencing error raised for the first time on direct appeal. See Gregory v. State, 739 So.2d 100 (Fla. 2d DCA 1999) (reversing erroneous imposition of habitual offender sentence even though defendant did not object during the sentencing hearing); see also Bain v. State, 730 So.2d 296 (Fla. 2d DCA 1999) (holding that a sentencing error that improperly extends a defendant’s incarceration would likely be considered a fundamental error).
We therefore affirm appellant’s conviction, and we reverse appellant’s sentence and remand this case for resentencing.
THREADGILL, A.C.J., and BLUE, J., Concur.