788 So.2d 1121 (2001)
Bradley CASEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4583.
District Court of Appeal of Florida, Second District.
July 6, 2001.
PER CURIAM.
Bradley Casey appeals from the denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.800(a). He argues that he is entitled to resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000). While we agree that Casey may be entitled to Heggs relief, we hold that he must seek this relief by way of a rule 3.850 motion. Accordingly, we affirm.
In circuit court case 96-3438, Casey received a suspended prison sentence of 91 months and was placed on probation for 8 years. After violating his probation, Casey was sentenced to 91 months in prison. *1122 The 1995 guidelines range was 54.7 to 91.2 months in prison. Therefore, his original placement on probation was a downward departure, to which the State agreed in the negotiated plea. By agreeing to probation, the State gave up something, to wit: a sentence under the guidelines.
When the original sentence is the product of a negotiated plea where the State gave up something, a defendant is not entitled to automatic resentencing under Heggs, even if the sentence constituted a departure under the 1994 guidelines. Latiif v. State, 787 So.2d 834 (Fla.2001). Instead, when a defendant seeks Heggs resentencing after a negotiated plea where the State gave up something, the State has the option of either agreeing to a sentence under the 1994 guidelines or withdrawing from the plea and taking the defendant to trial. Id. See also Sidell v. State, 787 So.2d 139 (Fla. 2d DCA 2001).
Because a plea withdrawal is a potential consequence in such cases and because an evidentiary hearing may be necessary to determine whether the State gave up something in negotiating the plea, this type of claim cannot be adjudicated under rule 3.800. The defendant in such cases should seek relief under rule 3.850. By invoking this rule, the defendant must understand that the plea agreement could be set aside. The State may have foregone habitual offender sanctions; it may have agreed to lesser charges; or it may have nolle prossed some of the charges. Depending on the State's concessions in the original plea agreement, a defendant may face increased incarceration as a result of seeking Heggs relief if the State decides to withdraw from the plea and thereafter obtains convictions on the original charges.
In this case, the trial court denied relief by finding that Casey's sentence did not constitute a departure under the 1994 guidelines. This finding is erroneous, however, because the State incorrectly scored points on the 1994 scoresheet for a felony battery in circuit court case 98-526. Because it was not committed within the Heggs window, the felony battery in case 98-526 should have been scored on a separate 1995 scoresheet. See Armstrong v. State, 787 So.2d 74 (Fla. 2d DCA 2001). Thus, it appears that Casey's 91-month prison sentence constituted a departure under the 1994 guidelines.
Accordingly, we affirm the denial of relief under rule 3.800. Casey may seek Heggs resentencing by filing a motion under rule 3.850. Such motion shall be timely if filed within two years from the date of the Heggs decision. See Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc).
BLUE, C.J., and PATTERSON and FULMER, JJ., Concur.