791 So.2d 593 (2001)
Stanley CORNET, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1040.
District Court of Appeal of Florida, Third District.
August 22, 2001.
*594 Stanley Cornet, in proper person.
Robert A. Butterworth, Attorney General, and Consuelo Maingot (Ft.Lauderdale), Assistant Attorney General, for appellee.
Before GREEN, SHEVIN and RAMIREZ, JJ.
PER CURIAM.
Pursuant to the state's proper confession of error, we reverse the order denying defendant's motion to correct illegal sentence. A crime committed subsequent to the one for which defendant is being sentenced cannot serve as a qualifying felony for purposes of imposing a habitual offender sentence. Johnson v. State, 752 So.2d 702 (Fla. 2d DCA 2000). Thus, defendant lacks the requisite predicate offenses to qualify as a habitual violent felony offender. Furthermore, the record does not disclose predicate offenses sufficient to qualify defendant as a habitual felony offender. § 775.084(5), Fla. Stat. (1993); Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997). Therefore, we vacate defendant's sentence in case number 94-29721, and remand for resentencing.
Order reversed; sentence vacated; cause remanded.