SILBERMAN, Judge.
Darrell Logan challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
In his motion, Logan alleged that he was sentenced under an unconstitutional version of the 1995 sentencing guidelines and that his sentence was a departure sentence under the 1994 guidelines. He seeks re-sentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court denied the motion, finding that Logan entered a negotiated plea to a specific term of years and that he was not entitled to relief. However, Logan alleged that his sentence was based on the 1995 guidelines range, and the trial court did not refute this claim.
Assuming that Logan’s sentence was, in fact, based on the 1995 guidelines, an evi-dentiary hearing may be necessary to determine whether the State gave up something in negotiating the plea. Therefore, Logan’s claim must be resolved pursuant to Florida Rule of Criminal Procedure 3*850. See Casey v. State, 788 So.2d 1121, 1122 (Fla. 2d DCA 2001). In a proceeding under rule 3.850, if it is established that the State gave up something in negotiating the plea, the State may either agree to resentencing under the 1994 sentencing guidelines or elect to withdraw from the plea and proceed to trial. Casey, 788 So.2d at 1122.
We therefore affirm the order of the trial court denying relief under rule 3.800(a). Logan may seek Heggs resen-tencing by filing a motion pursuant to rule 3.850. The motion shall be considered timely filed if it is filed within sixty days from the date of the issuance of the mandate in this case.
Affirmed.
NORTHCUTT and STRINGER, JJ., concur.