826 So.2d 337 (2002)
Calvin J. AUSTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-736.
District Court of Appeal of Florida, Second District.
April 5, 2002.
*338 PARKER, Judge.
Calvin J. Austin challenges the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Austin was charged in March 1996 with one count of sexual battery with a firearm and one count of kidnaping with a firearm for acts which occurred in November 1995. The trial court appointed private counsel for Austin due to a conflict in the public defender's office. At a hearing scheduled due to Austin's stated intent to change his plea, Austin's counsel sought to withdraw due to irreconcilable differences with Austin. The trial court conducted a full Faretta[1] hearing and concluded that Austin was able to represent himself at the hearing. Austin then entered a guilty plea to the two charges with the understanding that he would receive a guidelines sentence. In exchange for Austin's plea, the State agreed not to charge him with two additional counts of sexual battery and agreed not to seek habitual felony offender sentencing. The trial court then sentenced Austin to 20.5 years in prison, which was the middle of the 1995 sentencing guidelines range.
On March 9, 2000, Austin filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 *339 seeking resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). On October 31, 2000, the trial court denied this motion, finding that Austin was not entitled to relief because his sentence was the result of a plea agreement.
Rather than appealing that order, Austin filed this current rule 3.850 motion.[2] In this motion, Austin raises three grounds for relief: (1) his plea was involuntary because it was based on the illegal 1995 sentencing guidelines; (2) his sentence is illegal because it exceeds the maximum under the 1994 guidelines; and (3) the trial court committed fundamental error by denying him the assistance of counsel at his sentencing hearing. Austin sought to withdraw his plea based on grounds one and three and sought to be resentenced to the "middle of the 1994 sentencing guidelines range" based on ground two.
The trial court denied Austin's motion on all three grounds. As to ground one, the trial court found that the transcript of the change of plea hearing showed that Austin's plea was entered knowingly and voluntarily.[3] As to ground two, the trial court found no basis for relief, stating "the unconstitutionality of the 1995 sentencing guidelines has no effect on defendants who have entered a plea pursuant to plea negotiations." The trial court also found this ground successive to that raised by Austin in his earlier rule 3.800 motion. Finally, as to ground three, the trial court found that the record clearly demonstrated that the court had conducted a full and proper Faretta hearing and that the court did not err in refusing to appoint other counsel for Austin. This appeal followed.
We affirm the trial court's decisions on grounds two and three. As to ground three, the attachments to the trial court's order reflect that the trial court conducted a full Faretta hearing and properly allowed Austin to represent himself at the hearing. As to ground two, while the trial court was incorrect that defendants who entered negotiated pleas are never eligible for Heggs resentencing, the court was correct that the resentencing issue was successive and was simply an attempt to seek a belated appeal through improper means.
However, we reverse the trial court's decision on ground one. Austin committed his offense within the window period for relief pursuant to Heggs. See Trapp v. State, 760 So.2d 924, 928 (Fla. 2000) (identifying the window period for challenges under Heggs as between October 1, 1995, and May 24, 1997). Under the 1994 guidelines, Austin's sentencing range would be 114.6 months (9.55 years) to 191 months (15.92 years). Thus, Austin's sentence of 20.5 years constitutes a departure sentence for which no written reasons were given. Accordingly, Austin is entitled to withdraw his plea because he received an illegal sentence.
Despite this, Austin is not entitled to automatic resentencing, and we note that withdrawal of his guilty plea may not be in his best interest. As this court has stated:
When the original sentence is the product of a negotiated plea where the State gave up something, a defendant is not *340 entitled to automatic resentencing under Heggs, even if the sentence constituted a departure under the 1994 guidelines. Latiif v. State, 787 So.2d 834 (Fla.2001). Instead, when a defendant seeks Heggs resentencing after a negotiated plea where the State gave up something, the State has the option of either agreeing to a sentence under the 1994 guidelines or withdrawing from the plea and taking the defendant to trial.
Casey v. State, 788 So.2d 1121, 1122 (Fla. 2d DCA 2001). In this case, the transcript clearly shows that the State agreed not to charge Austin with two additional counts of sexual battery and agreed not to seek habitual felony offender sentencing in exchange for Austin's plea. Therefore, Austin is not entitled to be simply resentenced under the 1994 guidelines. Instead, if Austin chooses to withdraw his plea, the State will have the option of either accepting a sentence under the 1994 guidelines or withdrawing from the plea. See Latiif v. State, 787 So.2d 834, 837 (Fla.2001); Casey, 788 So.2d at 1122. Thus, if Austin withdraws his plea, the State may elect to proceed on four serious felony charges, rather than two, and may elect to seek habitual felony offender sentences on each of those charges. Under this scenario, Austin could in fact be sentenced to serve significantly more than 20.5 years in prison.
Affirmed in part; reversed in part and remanded for Austin to be given the opportunity to withdraw his guilty plea.
ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[2] This procedure was proper. When a defendant seeks Heggs resentencing after entering into a negotiated plea, the proper vehicle is a motion pursuant to rule 3.850 challenging the voluntary and intelligent nature of the plea rather than a motion pursuant to rule 3.800. Casey v. State, 788 So.2d 1121, 1122 (Fla. 2d DCA 2001); Murphy v. State, 773 So.2d 1174, 1175 (Fla. 2d DCA 2000) (en banc).
[3] We note that the trial judge who decided Austin's rule 3.850 motion was not the same judge who had presided at his sentencing.