WHATLEY, Judge.
Scott Waldemar Karo challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court’s order in part, reverse in part, and remand for further proceedings.
In his motion, Karo alleged that he entered a plea to trafficking in more than 200 grams but less than 400 grams of cocaine. He further alleged that the seven-year mandatory minimum term of imprisonment imposed by the trial court pursuant to section 893.135(l)(b)(l)(b), Florida Statutes (1999-2000), is illegal based on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). Karo also alleged that he pleaded guilty in another trial court case to trafficking in more than 400 grams but less than 150 kilograms of cocaine. He alleged that the fifteen-year mandatory minimum term of imprisonment imposed pursuant to section 893.135(l)(b)(l)(c) is illegal pursuant to Taylor. A claim that a mandatory minimum sentence was illegally imposed is cognizable in a rule 3.800(a) motion where the error is apparent on the face of the record. See Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003); Leath v. State, 805 So.2d 956 (Fla. 2d DCA 2001).
Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. In denying the motion, the trial court found that the legislature cured the single subject rule violation by reenacting the provisions originally contained in chapter 99-188 and that the reenactment was retroactive to July 1, 1999. However, in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), this court has since held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
Karo alleged that the dates of the commission of the offenses in question fall within the Taylor window. See Green, 839 So.2d at 750 n. 1. Therefore, Karo has presented a facially sufficient claim in regard to the offense of trafficking in cocaine in an amount of more than 200 but less than 400 grams of cocaine. See Sims, 838 So.2d 658.
We reverse the order of the trial court and remand for further consideration of this particular claim. If Karo is correct that the trial court imposed a mandatory minimum pursuant to section 893.135(l)(b)(l)(b) where the offense was committed within the Taylor window, the trial court shall resentence him under the 1997 version of that statute. See Green, 839 So.2d 748. We certify conflict with the *353 Fourth and Fifth District cases with which we disagreed in Green.
Karo is not entitled to relief on his claim that the fifteen-year mandatory minimum term of imprisonment imposed pursuant to section 893.135(l)(b)(l)(c) is an illegal sentence since that section was not affected by the amendments to section 893.135 contained in chapter 99-188. See Rowe v. State, 839 So.2d 916 (Fla. 2d DCA 2003). Therefore, we affirm the denial of this claim.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and SILBERMAN, JJ., Concur.