848 So.2d 428 (2003)
Jason D. LANGLEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-481.
District Court of Appeal of Florida, Second District.
July 2, 2003.
*429 Ben Kay, Sarasota, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Jason D. Langley appeals his conviction for trafficking in phenethylamine and the three-year sentence imposed for the offense. After the circuit court denied Mr. Langley's dispositive motion to suppress evidence, Mr. Langley entered a negotiated plea of no contest to this charge in exchange for a sentence of three years' imprisonment. We affirm without comment the denial of Mr. Langley's motion to suppress. Although we affirm Mr. Langley's sentence, this affirmance is without prejudice to his filing a facially sufficient motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 challenging the imposition of a three-year minimum mandatory term in this case.
The trial court imposed a three-year minimum mandatory sentence, even though the written plea agreement does not contain reference to a minimum mandatory term. On appeal, Mr. Langley argues that his sentence must be reversed based on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002) (holding chapter 99-188, Laws of Florida, which required mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates single-subject rule of Florida Constitution); see also Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003) (holding that reenactment of sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate Ex Post Facto Clauses of United States and Florida Constitutions). Mr. Langley did not preserve this issue for review either at sentencing or by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
We decline to strike the minimum mandatory term at this time because Mr. Langley's sentence was the result of a negotiated plea. A reversal of this sentence would provide the State with an opportunity to withdraw from the plea and proceed to trial. See Casey v. State, 788 So.2d 1121, 1122 (Fla. 2d DCA 2001). We therefore affirm the sentence imposed but without prejudice to Mr. Langley's right to file a facially sufficient motion for postconviction *430 relief pursuant to Florida Rule of Criminal Procedure 3.850, if he determines that this is in his best interest. See Karo v. State, 849 So.2d 351, 2003 WL 2003719 (Fla. 2d DCA May 2, 2003) (explaining that facially sufficient claim for relief pursuant to Taylor requires alleging date of offense and that amendments held unconstitutional in Taylor affected statute under which sentence was imposed); Casey, 788 So.2d at 1122 (explaining that when improper sentence is result of negotiated plea, relief must be sought pursuant to rule 3.850 because evidentiary hearing is required to determine whether state gave up something in negotiated plea and would therefore be entitled to withdraw from plea if sentence was corrected).
Affirmed.
ALTENBERND, C.J., and SALCINES and VILLANTI, JJ., concur.