990 So.2d 531 (2008)
John T. ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3958.
District Court of Appeal of Florida, Second District.
April 16, 2008.
CASANUEVA, Judge.
John T. Adams appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the order in all respects except as to claim six, which we reverse and remand for further proceedings.
In claim six, Mr. Adams alleged that he did not make a voluntary or intelligent waiver of his right to the assistance of counsel at his sentencing hearing. He asserted that the trial court compelled him to choose between two attorneys, even though the court knew that he had ethical conflicts with each and, furthermore, that one had already withdrawn from his representation. Consequently, Mr. Adams claimed, he was forced to represent himself at the sentencing hearing. He also asserted that the trial court then failed to inform him of the rights he was waiving or the dangers of self-representation. The postconviction court denied Mr. Adams' claim on the basis that this claim of trial court error should have been raised on direct appeal.
The thrust of Mr. Adams' claim is that the trial court, by forcing him to choose between two lawyers who should have been barred from representing him by virtue *532 of their ethical conflicts, essentially left him unrepresented at a critical stage of the proceedings. "Claims of this nature are cognizable in a motion for postconviction relief." Brown v. State, 589 So.2d 987, 987 (Fla. 2d DCA 1991); see Austin v. State, 826 So.2d 337, 339 (Fla. 2d DCA 2002) (addressing, as a matter of fundamental error, the claim that the trial court erroneously denied the defendant the assistance of counsel at his sentencing hearing but rejecting it on the merits because a full Faretta[1] hearing was conducted). The postconviction court's attachments to its order do not refute Mr. Adams' claim. Accordingly, we reverse and remand for the postconviction court to reconsider Mr. Adams' sixth claim. On remand, the postconviction court shall either attach those portions of the record that conclusively refute Mr. Adams' claim or conduct an evidentiary hearing on the issue.
Affirmed in part, reversed in part, and remanded.
FULMER and CANADY, JJ., Concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).