PER CURIAM.
Johnny K. Stephens appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand.
*1085 In 2006, Stephens pleaded guilty to attempted robbery and was sentenced to ten years in prison as a habitual felony offender with a five-year mandatory minimum as a prison releasee offender. Stephens claimed that the predicate felonies used to sentence him as a habitual felony offender did not satisfy the sequential requirement of section 775.084(5), Florida Statutes (2008), necessary for the imposition of a habitual felony offender sentence. He asserted that the judgments and sentences for the predicate offenses in case numbers CRC00-20221 and CRC01-12896 were entered on the same day and should have been treated as a single qualifying offense for habitual felony offender purposes.
In response, the State conceded that the judgments and sentences submitted during Stephens’s sentencing did not support a habitual felony offender sentence but noted that Stephens also had out-of-state felony convictions in Virginia that would support the habitual offender designation. The State submitted a request to the Virginia Department of Corrections and obtained certified orders of Stephens’s convictions in the state. The postconviction court held that the sentence was lawful because the convictions in case numbers CRC00-20221 and CRC01-12896 occurred on two separate dates, thereby meeting the predicate felony requirement. The postconviction court also noted that the Virginia judgments and sentences submitted by the State would also qualify Stephens for a habitual sentence.
Initially, we note that the documents supporting the Virginia convictions were not entered into evidence at sentencing but were submitted during postconviction proceedings. This evidentiary process is outside of the limits of rule 3.800(a). See, e.g., Casey v. State, 788 So.2d 1121, 1122 (Fla. 2d DCA 2001). However, because the motion was properly sworn and timely filed within two years of the January 25, 2008, issuance of the mandate on Stephens’s direct appeal, rule 8.850 would authorize an evidentiary hearing on this motion. See id.
Stephens correctly argued, and the State properly conceded, that the convictions in case numbers CRC00-20221 and CRC01-12896 can only be counted as one prior felony conviction for habitual enhancement purposes. See Bover v. State, 797 So.2d 1246, 1250 (Fla.2001) (“[A]l-though the sentencing for separate convictions arising out of unrelated crimes can take place on the same day, the sentences cannot be part of the same sentencing proceeding.”). The convictions were entered on the same day, in the same proceedings, and do not meet the sequential conviction requirements of section 775.084(5). See id.; see also Johnson v. State, 790 So.2d 1163, 1163 (Fla. 2d DCA 2001); Westberry v. State, 906 So.2d 1141, 1142 (Fla. 3d DCA 2005). Because the convictions only count as one prior felony, alone, they are insufficient to qualify Stephens for habitual felony offender sentencing.
Additionally, the attached Virginia convictions are not prior convictions and cannot be used as a qualifying felony. See Johnson v. State, 752 So.2d 702, 704 (Fla. 2d DCA 2000); Gavlick v. State, 740 So.2d 1212, 1214 (Fla. 2d DCA 1999); Cornet v. State, 791 So.2d 593, 594 (Fla. 3d DCA 2001). For the Virginia convictions to qualify as a predicate felony for enhancement purposes, the felony “must be a prior felony and the defendant must have been convicted of that prior felony within five years of the date of commission of the offense for which the defendant is being sentenced.” Gavlick, 740 So.2d at 1214; see Cornet v. State, 791 So.2d at 594 (“A crime committed subsequent to the one for which defendant is being sentenced cannot serve as a qualifying felony for purposes of *1086 imposing a habitual offender sentence.”). The attached documents from the Virginia Department of Corrections indicate that Stephens was arrested on November 4, 2004, for possession of heroin and possession of a firearm and was convicted on July 20, 2005. Stephens committed the current offense on September 28, 2003, before he was convicted of the Virginia offenses. Based on the record before us, Stephens lacks the requisite predicate felony convictions to qualify as a habitual felony offender.
We therefore reverse the order of the postconviction court affirming Stephens’s habitual felony offender sentence with directions for the court to hold an evidentia-ry hearing pursuant to rule 3.850 on the issue of qualifying predicate felony offenses.
Reversed and remanded.
WHATLEY, NORTHCUTT, and KELLY, JJ., Concur.